HANS H. OLSON *vs.* LEVI M. COOK *et al.*

Argued May 31, 1894.   Affirmed June 22, 1894.

No. 8638—8639.

**Statutory liability of stockholders how enforced.**

The statutory liability of stockholders for corporate debts cannot be en-
forced in insolvency proceedings against the corporation under the Laws
1881, ch. 148, but pending such insolvency proceedings the creditors may
bring an action to enforce that liability under 1878, G. S. ch. 76, § 17, in
which the court may at once determine the maximum liability of each
stockholder, and await the result of the insolvency proceedings to ascer-
tain how much of it shall be enforced by execution.

**The liability extends to all debts.**

One acquiring stock in a banking corporation incurs the statutory lia-
bility, not only in respect to corporate debts contracted after he became a
stockholders, but also in respect to debts contracted before that time. *Geb-
hard* v. *Eastman,* 7 Minn. 56 (Gil. 40), followed.

Appeal by defendants, Levi L. Cook, Willis H. Manley and Eliza
Roos, from an order of the District Court of Hennepin County, *Henry
G. Hicks,* J., made November 27, 1893, overruling their demurrers to
the complaint.

The plaintiff, Hans H. Olson, on July 7, 1892, deposited in the
State Bank of Minneapolis $123.60 and took a certificate due in one

year. On August 30, 1893, he recovered judgment thereon against the bank for $139.13. A writ of execution was issued and returned unsatisfied. The bank suspended payment June 22, 1893, and five days thereafter being insolvent made an assignment of all its property to George H. Fletcher under Laws 1881, ch. 148, in trust for the equal benefit of all its creditors. On August 12, 1893, Fletcher resigned his trust and Wm. J. Hahn was appointed in his stead and the assets transferred to him by the order of the District Court. The assets were not more than $100,000 and the debts not less than $500,000. The capital of the bank was $100,000 divided into shares of $100 each. It was at first $60,000 but on August 5, 1886, it was increased to $75,000 and on July 7, 1892, to $100,000. Of these shares Levi L. Cook held twenty-five, Eliza Roos forty and Willis H. Manley ten. The remaining shares were held by Kristian Kortgaard and others. Cook acquired his shares prior and Roos and Manley after July 7, 1892. The plaintiff commenced this action September 23, 1893, under 1878 G. S. ch. 76, against all the stockholders to enforce their double liability. The complaint stated the foregoing facts and others and asked that all creditors be required to come in and prove their claims or be precluded from all benefit of the judgment and from any distribution made under it. The defendants severally demurred to the complaint on the grounds that there is another action pending between the same parties for the same cause; to-wit, the insolvency proceedings under Laws 1881, ch. 148; and that it does not state facts sufficient to constitute a cause of action. The demurrers were overruled. The three defendants above named appealed and stipulations were made with the others that all the demurrers should abide the result of these three.

*James O. Pierce* and *George D. Emery*, for appellants.

The demurrers should have been sustained on the ground of another action pending. *Allen* v. *Walsh*, 25 Minn. 543; *Johnson* v. *Fischer*, 30 Minn. 173; *Merchants' Nat. Bank* v. *Bailey Mfg. Co.*, 34 Minn. 323; *Arthur* v. *Willius*, 44 Minn. 409; *McKusick* v. *Seymour, Sabin & Co.*, 48 Minn. 158; *State* v. *Bank of New England*, 55 Minn. 139; *Merchants' Nat. Bank of Chicago* v. *Northwestern Mfg. & Car Co.*, 48 Minn. 349; *Minnesota Thresher Mfg. Co.* v.

*Langdon,* 44 Minn. 37; *Mohr* v. *Minnesota Elevator Co.,* 40 Minn. 343.

The complaint does not set forth all the requisite facts or ask the proper relief necessary to make it sufficient under 1878 G. S. ch. 76.

This proceeding is brought prematurely. While stockholders may, in a proper proceeding, be held to their statutory liability, this is only to be done after the corporate assets have been fully administered and found to be insufficient. The liability of the stockholder is that of a surety. *Tripp* v. *Northwestern Nat. Bank,* 41 Minn. 400.

A stockholder is not liable to action for statutory liability, where it does not appear that the corporate assets proper have been fully administered and that a deficiency is ascertained. *Stewart* v. *Lay,* 45 Iowa, 604; *Appeal of Means,* 85 Pa. St. 75; *Cambridge Water Works* v. *Somerville Dyeing & B. Co.,* 4 Allen 239; *McClaren* v. *Franciscus,* 43 Mo. 452; *Toucey* v. *Bowen,* 1 Bissell, 81; *Drinkwater* v. *Portland Marine Ry.,* 18 Me. 35; *Merchants' Nat. Bank* v. *Bailey Mfg. Co.,* 34 Minn. 323; *Nolan* v. *Hazen,* 44 Minn. 478.

Only debts proper of the corporation are enforceable against the stockholders; not damages recovered in actions of tort. Cook, Stockholders (2nd Ed.) § 217. Damages recovered by reason of a bridge being out of repair are not included. *Heacock* v. *Sherman,* 14 Wend. 58. Nor damages for infringement of a patent. *Child* v. *Boston & Fairhaven Iron Works,* 137 Mass. 516. Nor damages for loss of a steamboat. *Bohn* v. *Brown,* 33 Mich. 257. Nor damages against a common carrier for negligence. *Stanton* v. *Wilkeson,* 8 Ben. 357.

So far as the allegations of the complaint may be taken as sufficient, not a single present indebtedness of the bank has accrued since either appellant Roos or Manley became a stockholder. A registered stockholder is liable, not for debts contracted before he became such, but for those contracted while he was such, although he subsequently transfers his stock. Cook, Stockholders, § 259; *Moss* v. *Oakley,* 2 Hill, 265; *Adderly* v. *Storm,* 6 Hill, 624; *Judson* v. *Rossie Galena Co.,* 9 Paige 598; *McCullough* v. *Moss,* 5 Denio, 567; *Williams* v. *Hanna,* 40 Ind. 535; *Larrabee* v. *Baldwin,* 35 Cal. 155; *Coleman* v. *White,* 14 Wis. 700.

Stock not issued when the plaintiff's debt was contracted, cannot be called upon to contribute to his debt, because he could not have dealt with the company upon the faith of any capital represented by any such stock. *First Nat. Bank* v. *Gustin, M. C. Mining Co.*, 42 Minn. 327; *Hospes* v. *Northwestern Mfg. & Car Co.*, 48 Minn. 174.

*Jno. W. Arctander*, for respondents.

There was no other action pending. A stockholder's liability is not a corporate asset. *Dutcher* v. *Marine Nat. Bank*, 12 Blatchf. 435; *Jacobson* v. *Allen*, 20 Blatchf. 525; *Fransworth* v. *Wood*, 91 N. Y. 308; *Wright* v. *McCormack*, 17 Ohio St. 86; *Arenz* v. *Weir*, 89 Ill. 25; *In re People's Live Stock Ins. Co.*, 56 Minn. 180. All the powers conferred upon the Assignee under Laws 1881, ch. 148, are, to take into his possession all the property of the debtor, and to convert the same into money and distribute the net proceeds thereof in the way designated by law, and to bring actions to avoid unlawful preferences. It is in doing the latter only that the assignee, by statute is clothed with the power to represent the creditors. 1878 G. S. ch. 41, § 27; *Bristol* v. *Sanford*, 12 Blatchf. 341; *State* v. *Bank of New England*, 55 Minn. 139.

The remedy under chapter 76 is exclusive. *Allen* v. *Walsh*, 25 Minn. 543; *Johnson* v. *Fischer*, 30 Minn. 173; *Mohr* v. *Minnesota Elevator Co.*, 40 Minn. 343; *Patterson* v. *Stewart*, 41 Minn. 84; *St. Louis Car Co.* v. *Stillwater Street Ry. Co.*, 53 Minn. 129.

This suit was not prematurely brought. *State Savings Ass'n* v. *Kellogg*, 52 Mo. 583; *Shellington* v. *Howland*, 53 N. Y. 371; *Flash* v. *Conn*, 109 U. S. 371; *Morgan* v. *Lewis*, 46 Ohio St. 1; *Munger* v. *Jacobson*, 99 Ill. 349; *Patterson* v. *Wyomissing Mfg. Co.*, 40 Pa. St. 117; *Hospes* v. *Northwestern Mfg. & Car Co.*, 48 Minn. 174.

Stockholders who become such after the debt is contracted are liable under the statute for debts made before they become stockholders. The leading case against this position is *Moss* v. *Oakley*, 2 Hill, 265, in which case the court states that it does not regard the question as clear or free from doubt. It bases its conclusion as to the proper interpretation of the statute upon the nature of the particular case, and the general scope of the New York statute. New Hampshire, although deciding the question the same way, expressly

disclaims following *Moss* v. *Oakley*, and bases its decision upon the peculiar language of the statute. *Chesley* v. *Pierce*, 32 N. H. 388. The statute of California is as follows: "Each stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder." See *Larrabee* v. *Baldwin*, 35 Cal. 155.

An examination of the authorities will show that opposed to the doctrine of *Moss* v. *Oakley*, as followed by Indiana and Maryland, stand Maine, Massachusetts, Connecticut, Rhode Island, Ohio, Illinois, Missouri and Wisconsin. *Longley* v. *Little*, 26 Me. 162; *Curtis* v. *Harlow*, 12 Metc. 3; *Holyoke Bank* v. *Burnham*, 11 Cush. 183; *Middletown Bank* v. *Magill*, 5 Conn. 28; *Sayles* v. *Bates*, 15 R. I. 342; *Brown* v. *Hitchcock*, 36 Ohio St. 667; *Railroad Co.* v. *Smith*, 48 Ohio St. 219; *Root* v. *Sinnock*, 120 Ill. 350; *McClaren* v. *Franciscus*, 43 Mo. 452; *Skrainka* v. *Allen*, 76 Mo. 384; *Griswold* v. *Seligman*, 72 Mo. 129; *Cleveland* v. *Burnham*, 55 Wis. 598; *Day* v. *Vinson*, 78 Wis. 198.

But the question is really *res judicata* in Minnesota. Although we have no direct decision on the particular statute in question, the Supreme Court of this state is committed by a prior ruling upon a statute identical in terms. I refer to the case of *Gebhard* v. *Eastman*, 7 Minn. 56.

GILFILLAN, C. J. The bank defendant was incorporated under the laws of this state to do a banking business, at first with a stock capital of $60,000, afterwards increased to $75,000, and later still to $100,000. June 27, 1893, it made, under the insolvent law, an assignment for the benefit of its creditors, and defendant Hahn is the assignee thereunder. July 7, 1892, plaintiff made a deposit with the bank, repayable to him in 12 months after that date. It not being paid when due, on August 19, 1893, he recovered judgment against the bank for the deposit, issued execution thereon, and September 5, 1893, it was returned wholly unsatisfied, for want of property whereon to levy.

The plaintiff brings this action in behalf of himself, and all other creditors of the bank who shall exhibit their claims and become par-

ties to the action, against all the stockholders, to enforce their statutory liability; and he asks for the appointment of a receiver to receive and distribute the proceeds of enforcing it.

The allegations of the complaint are full, stating, in addition to the foregoing facts, among other things, that the property and assets of the bank are of not higher value than $100,000, and that it is indebted in more than $500,000.

Several of the stockholder defendants demurred to the complaint on the grounds that it appears therefrom that there is another action pending between the same parties for the same cause, and in which the same relief may be had, and that the complaint does not state facts sufficient to constitute a cause of action. From orders overruling such demurrers, these appeals are brought.

The objection that the complaint shows another action pending for the same cause is based on the proposition that the statutory liability of stockholders of an insolvent corporation may be enforced in insolvency proceedings against the corporation under the law of 1881.

The question was indirectly before us in *State* v. *Bank of New England,* 55 Minn. 139, (56 N. W. 575,) in which it was stated, as a distinction between proceedings against an insolvent corporation under 1878, G. S. ch. 76, and insolvency proceedings under the act of 1881, that, under the former proceedings, directors and stockholders may be brought in, and their liabilities to creditors enforced; and it was assumed, or taken for granted, that this cannot be done under the latter proceedings. Chapter 76 clearly contemplates bringing in stockholders for that purpose. If this were not so, then, so far as that chapter is concerned, the creditors would be left to a suit in equity to enforce any liability of stockholders, other than such as are deemed assets of the corporation. The statute determines the scope and compass of every special proceeding provided by it; and if authority is not found, either in express terms or by implication, in a statute regulating a special proceeding, for doing a particular thing, there is no authority. *In re People's Live Stock Ins. Co.,* 56 Minn. 180, (57 N. W. 468,) it was held that the proceeding regulated by 1878, G. S. ch. 34, §§ 415 to 420, inclusive, being one to dissolve a corporation, settle its business, and convert its assets, and apply the proceeds in payment of its debts, stockholders cannot be

brought in to answer to their statutory liability, for the reason that the statute does not so provide, though they may be to enforce unpaid subscriptions, because such are assets of the corporation.

And it is the same with insolvency proceedings under the law of 1881. There is nothing in that law to suggest that any remedy of creditors who come into the proceeding can be enforced, except as to the assets of the debtor. It is a proceeding merely to convert such assets, and apply the proceeds upon the claims of such creditors as come in, and comply with the terms of the law. There is no provision either for bringing in the stockholders of a corporation debtor, or for bringing in the other creditors who are equally interested in the statutory liability with those who voluntarily come in, or for sequestering that liability for the benefit of the latter. That liability cannot be enforced in the insolvency proceeding.

The proceeding commenced under chapter 76, § 9, is, primarily, one to convert the assets and pay the debts; and, as such, it and an insolvency proceeding under the act of 1881 cannot go on effectually at the same time against the same corporation. If both are commenced, one or the other must give way. In the nature of things, there cannot be two proceedings, whose sole purpose is to administer the same assets, running at the same time. But by the provisions of 1878, G. S. ch. 76, §§ 15, 16, the purpose of a proceeding commenced under section 9 may be enlarged so as to make it a proceeding to enforce the statutory liability of directors and stockholders, as well as to administer the assets of the corporation.

Under the ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action, the objection is made that the action is prematurely brought. This is on the proposition that, before creditors can seek to enforce the statutory liability of stockholders, they must first exhaust their remedies against the property of the corporation. Whether this be so in case of a suit in equity, where there is no statute affecting it, we do not think it necessary to inquire. There are certainly authorities which hold the affirmative.

Chapter 76, §§ 17 to 23, inclusive, authorize an action by creditors to enforce the statutory liability of officers, directors, and stockholders; and while, in such an action, it would be required of the complaint to show a necessity to resort to that liability in order to sat-

isfy the corporate debts (which the complaint in this case does), it certainly would not be required of it to show to what extent such resort is necessary, or to show that the corporate assets have been exhausted without satisfying the debts.    Section 18 reads: "The court shall proceed thereon [on the complaint filed under section 17] as in other cases, and, when necessary shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers."    Section 19: "If, on the coming in of the answer, or upon the taking of any such account, it appears that such corporation is insolvent, and that it has no property or effects to satisfy such creditors, the court may proceed without appointing any receiver to ascertain the respective liabilities of such directors and stockholders and enforce the same by its judgment as in other cases."    Section 20 provides that upon final judgment in such an action the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among its creditors.    Section 21 provides that, if the property of the corporation is insufficient to satisfy its debts, the court shall enforce the payment of anything unpaid on the shares of stock, or so much thereof as is necessary to satisfy the corporate debts; and section 22, that if the debts remain unsatisfied the court shall proceed to ascertain the respective liabilities of the directors or other officers, and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment as in other cases.    Section 23 provides for calling in creditors other than those bringing the action.

It is apparent from these sections that, where resort to the statutory liability is shown to be necessary, the creditor need not, before bringing the action, exhaust his remedies against the corporate property.    That may be done in the action itself.

It is a somewhat curious feature of chapter 76 that it provides two actions on behalf of creditors,—one commenced under section 9, primarily to sequestrate the corporate assets, and apply the proceeds in payment of debts, in which, at the election of creditors, may be supplemented a proceeding to enforce the statutory liability; the other, under section 17, primarily to enforce that liability, but as incident to which there may be a sequestration of the corporate assets.

As the same measure of relief may be had in each of these actions, neither of them can be brought while the other is pending.

But suppose there is some other proceeding pending, such as insolvency proceedings, or a proceeding under 1878, G. S. ch. 34, §§ 415 to 420, inclusive, in which only part of the relief to which creditors are entitled can be had,—in which nothing can be done but to sequester, convert, and apply on the corporate debts the proceeds of the corporate assets. Cannot the action provided by 1878, G. S. ch. 76, §§ 17 to 23, inclusive, be brought to secure the remainder of the relief contemplated by that action? We do not see any but the most technical reason why it may not. It may be brought where no receiver to convert the corporate assets and apply the proceeds will be necessary, because there are no such assets. Why should it not be brought where the receiver will not be necessary because such assets are already in process of conversion and application in another proceeding, in which the same result will be brought about, so far as such assets are concerned, as would be produced by the court appointing a receiver in the action, if there were corporate assets for him to administer? In such a case there would be nothing to prevent the court determining at once the maximum liability of each officer, director, and stockholder, as it might do if it also appointed a receiver to administer the corporate assets. It is true that before determining how much should, within that maximum, be collected from each, it would have to await the result of the other proceeding. But, if it appointed a receiver to administer corporate assets, it would, for the same purpose, have to await the result of the proceedings of its own receiver.

We think such an action may be brought pending the insolvency proceeding, that this is such an action, and that consequently it was not prematurely brought.

The next reason urged, that the complaint does not show a cause of action, is that it does not appear thereby that any of the corporate debts mentioned were contracted after the appellants acquired their stock; that, as to two of such appellants, it appears, inferentially at least, that their stock is of the new issue, and it does not appear that any of the debts were contracted after such stock issued. The two propositions raised but one question, to wit, does one who acquires stock in a banking corporation incur the

statute liability in respect to corporate debts previously contracted, or does he incur it only in respect to debts subsequently contracted?

The decisions of the courts in the different states seem at variance, the greater number holding that those who own the stock when the remedy is sought by the creditors—that is, when the action to enforce the liability is brought—are liable in respect to all the corporate debts, no matter whether contracted before or after they acquired their stock. The decisions in each state are based on the terms of the statute in each, as construed by the court; and, as the terms of the statutes in the different states vary, but little aid is afforded by the decisions in other states.

Our statute is 1878, G. S. ch. 33, § 14: "Every person becoming a stockholder therein, shall in proportion to his interest, succeed to all the rights and be subject to all the liabilities of prior stockholders." Section 21: "And the stockholders in each bank shall be individually liable in an amount equal to double the amount of stock owned by them for all the debts of such bank and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

The terms "all the debts of such bank" are general, unqualified, and include all debts, without regard to when incurred. To exclude from their meaning those incurred prior to becoming stockholder, we would have to add, after the word "bank," some such words as "contracted after they acquired their stock," and to hold that the legislature, while intending what such words would mean, omitted, for some reason or other, to express such meaning by apt terms. It is more in accordance with the rules of interpretation to hold that the legislature refrained from using any such words because it did not intend what they would express.

But the point was really decided in this state more than thirty years ago, and the decision has been acquiesced in, accepted, and regarded as the law ever since, till questioned in this case. In *Gebhard* v. *Eastman,* 7 Minn. 56 (Gil. 40), the court construed a statute somewhat less emphatic in its terms than 1878, G. S. ch. 33, § 21. The terms in that case were, "Each of the stockholders of said company shall be personally liable for the debts of said company to an amount equal to the amount of capital stock held by such stockholder and no more." It was held that the act created a personal

v.57m.—36

liability against each stockholder at the time the debt was contracted, "and all that may voluntarily become so at any subsequent period prior to satisfaction."

Noting that this statute does what that did not, to wit, limit the liability to one year after the stockholder shall have transferred his stock, that decision disposes of the question here in hand.

Orders affirmed.

COLLINS and BUCK, JJ., took no part in the decision.

(Opinion published 59 N. W. 635.)