OTTO WALTHER *vs.* SEVEN CORNERS BANK *et al.*

Argued by appellant submitted on brief by respondent July 19, 1894. Affirmed Aug. 16, 1894.

No. 8777.

### Appointment of a Receiver under 1878 G. S. ch. 76, after assignment under Laws 1881, ch. 148.

In an action brought under the provisions of 1878 G. S. ch. 76, for the purpose of sequestrating the property of an insolvent corporation and enforcing the constitutional liability of its stockholders, the plaintiff is not entitled, on the pleadings and as a matter of absolute right, to have a receiver appointed, when it appears that proceedings are pending under the insolvency law in which a receiver or assignee has been designated or selected, who has qualified, and under the supervision of the court has entered upon and is discharging the duties of his trust.

Appeal by plaintiff, Otto Walther, from an order of the District Court of Ramsey County, *Wm. Louis Kelly*, J., made March 2, 1894, denying his motion for the appointment of a receiver of the property and assets of the Seven Corners Bank.

On August 1, 1893, the Seven Corners Bank of St. Paul being insolvent made an assignment under Laws 1881, ch. 148, as amended, of all its property to W. P. Westfall in trust for its creditors. He accepted the trust and took possession of its assets. The plaintiff herein recovered a judgment upon contract November 7, 1893, in the District Court of Ramsey County against the Bank for $414.85 which was on that day duly docketed and a writ of execution issued thereon to the sheriff of that county. This writ was returned November 10, 1893, wholly unsatisfied. A few days thereafter plaintiff commenced this action in his own behalf and in behalf of all its other creditors who should come in, against the Bank and all its stockholders, under 1878 G. S. ch. 76, § 17, to enforce the double liability of the stockholders, under 1878 G. S. ch. 33, § 21, and to sequestrate the property of the Bank and obtain the appointment of a receiver, and other relief. Some of the defendants appeared and answered, stating the assignment and insolvency proceedings. The

plaintiff thereupon moved the court on notice for the appointment of a receiver of the property of the Bank to supersede the assignee in insolvency. The court denied the motion and plaintiff appeals. Two of the stockholders being also creditors of the Bank answered setting up their claims and joined in the motion and in this appeal.

*Humphrey Barton,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondents.

COLLINS, J. August 1, 1893, the defendant bank, incorporated under the laws of this state, made an assignment under the insolvency laws to one Westfall, who thereupon qualified as required by statute, entered upon, and has ever since been engaged in administering, the trust contained in the deed of assignment. The plaintiff thereafter obtained a judgment against the bank, caused execution to be issued, which was returned unsatisfied, and then brought this action under the provisions of 1878 G. S. ch. 76, for the purpose of sequestrating the property of the insolvent, and enforcing the constitutional liability of its stockholders. Upon the pleadings and some affidavits—the latter not being considered on the hearing—a motion was made by plaintiff for the appointment of a receiver of all property, moneys, and effects of said defendant, which motion was denied. The present appeal is to determine the correctness of the ruling whereby the court below refused to appoint a receiver. It may be well to say here that by the pleadings the legality of the assignment to Westfall was put in issue.

In *Olson* v. *Cook,* 57 Minn. 552, (59 N. W. 635,) it was held that, pending proceedings against a corporation under the insolvency act Laws 1881, ch. 148, its creditors may maintain an action to determine the maximum liability of each stockholder under the provisions of 1878 G. S. ch. 76, § 17, the court to await the result of the insolvency proceedings to ascertain how much of this liability is to be enforced by execution. There is therefore nothing in the way of plaintiff's prosecution of this action to the extent noted, if he chooses so to do, a receiver being wholly unnecessary for such purpose.

The distinction between proceedings under 1878 G. S. ch. 76 and those instituted under the insolvency law, and that some of the remedies afforded under one of these enactments are not within the

scope or purpose of the other was clearly elucidated in the *Olson* Case. It was said, as it had been earlier in *State* v. *Bank of New England*, 55 Minn. 139, (56 N. W. 575,) that when a proceeding has been commenced under section 9 of chapter 76 it and proceedings under the insolvency law could not go on together; one or the other must give way. That is evident. But counsel for plaintiff in this action seems to have gathered from the language used in the case last referred to that in proceedings instituted to convert the assets and to pay the debts of an insolvent corporation, and at the same time to determine the amount and to enforce the constitutional liability of stockholders, the plaintiff is instantly entitled, as a matter of absolute right, to have a receiver appointed by the court who shall relieve and supersede an assignee or receiver already selected or designated under the insolvency law, and who has qualified, and, with the approval and under the supervision of the court itself, has entered upon and is discharging the duties of his trust. There was nothing said in the *Bank* Case which justifies this view of the statute, and certainly there was much said in the *Olson* Case to repel the idea.

A court in which proceedings under chapter 76 have been instituted might for good cause shown supersede an assignee or receiver under the provisions of the insolvency act theretofore appointed, or it might remove him altogether, or perhaps it might, at some stages of the two proceedings, direct a consolidation; but a plaintiff in an action brought under the provisions of chapter 76 has no unqualified right to have a receiver appointed in his action. In so far as was shown by the pleadings in the case at bar, the assignee in insolvency had for some time previous to the bringing of this action been actively engaged in the duty of collecting the assets of the insolvent, and converting them into cash. He was prior in point of time, and the plaintiff could not displace and supersede him merely by the initiation of an action under chapter 76. This was not the situation considered in the case of *State* v. *Bank of New England, supra.* When the court denied this plaintiff's motion there was nothing which required the appointment of a receiver, nor will there be until assets shall arise from an enforcement of the stockholders' liability, or from the hands of the assignee in insolvency. Of course we as-

sume at this time, what is made an issue by the pleadings, that Westfall is the legally appointed assignee.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 1077.)