BENJAMIN KLEE and Others v. E. H. STEELE COMPANY and Others.[1]

February 27, 1895.

No. 9031.

### Corporation—Appointment of Receiver—Exhausting Legal Remedies.

G. S. 1894, §§ 5897, 5905, must be construed together, and therefore an action to sequestrate the property, and to have a receiver appointed for a corporation,—except banking and insurance companies,—cannot be maintained by a creditor who has not first exhausted his legal remedies as required by G. S. 1894, § 5897, save, possibly, in cases where it is made to appear that it would be useless to exhaust such remedies.

Action by members of the firm of Klee & Wallach, and others, against E. H. Steele Company, a corporation, and the stockholders thereof, to obtain the appointment of a receiver. From an order of the district court for Hennepin county, Jamison, J., appointing a receiver, defendant corporation appealed. The facts are stated in the opinion. Reversed.

*Geo. Burt Spencer*, for appellant.

*Fletcher, Rockwood & Dawson*, for respondents.

COLLINS, J. This is an appeal by a corporation organized under the general laws of the state for the purpose of dealing in real, personal, and mixed property, but which had never been engaged in anything but merchandising, from an order appointing a receiver in an action brought by general creditors in their own behalf and in behalf of other creditors who might choose to come into the action, as provided by G. S. 1894, c. 76, §§ 5889–5911. On the complaint and certain affidavits the order to show cause was issued April 10, 1894, returnable April 12. The defendant appeared on the return day, and resisted the appointment of a receiver on the ground that it did not appear from the moving papers that the plaintiffs, or either of them, had exhausted their remedies at law by reducing their claims to judgment, issuing execution, and having it returned unsatisfied in whole or in part, as provided by G. S. 1894, § 5897.

[1] Reported in 62 N. W. 399.

It was also shown that on April 11—the day after the order to show cause was issued and served—the defendant corporation had made an assignment for the equal benefit of all its creditors under the insolvency law, the ground stated therefor in the deed of assignment being that on the same day its property, money, and effects in the hands of a third party had been garnished in actions on contracts brought against it by other creditors.  These objections were overruled, and a receiver appointed by the court.  The only question for determination is whether, under the provisions of G. S. 1894, c. 76, §§ 5889–5911, the district court is empowered to sequestrate the assets and appoint a receiver of a corporation other than banking or insurance corporations on the bringing of an action by mere contract creditors whose claims have not been reduced to judgment.    And this seems to depend on whether G. S. 1894, § 5905, is to be construed in connection with and as simply auxiliary to G. S. 1894, § 5897, when we have before us corporations not engaged in the banking or insurance business,—what may be termed purely financial corporations.   Counsel for respondents seem to think that the question was really disposed of in State v. Bank of New England, 55 Minn. 139, 56 N. W. 575, and in Olson v. Cook, 57 Minn. 552, 59 N. W. 635, but, even if anything was said in either case tending towards sustaining the claim, it must be remembered that the defendants there were insolvent banking institutions, and the language used was with reference to that fact.   And even in the case of an insolvent banking corporation, where an assignment had already been made under the insolvency laws, we have held, in an action brought under provisions of G. S. 1894, c. 76, §§ 5889–5911, that the plaintiff creditor had no unqualified, absolute right to have a receiver appointed (Walther v. Seven Corners Bank, 58 Minn. 434, 59 N. W. 1077), although his right to maintain the action to determine the liability of stockholders was recognized.   That G. S. 1894, § 5905, and the subsequent sections, are broad enough in their terms to apply to any proceeding brought under this chapter 76 (G. S. 1894, §§ 5889–5911), was held in McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114, and it follows that they must be construed with reference to other sections.   Every section of the chapter, except such as are clearly separate and independent of the others, must be harmonized and brought together, unless an intent

to the contrary is plain; and we see nothing in the chapter to indicate that the lawmakers intended to confer the right of action wholly under G. S. 1894, § 5905, and without regard to the provisions of G. S. 1894, § 5897, requiring that a judgment be obtained and an execution returned unsatisfied, in whole or in part, before the corporate property be placed in the hands of a receiver. If G. S. 1894, § 5905, is to be construed as independent of G. S. 1894, § 5897, the latter is repealed by implication, for it would be practically abrogated, and we should place the power in the hands of any person who could make out a prima facie claim of indebtedness against a corporation to secure the sequestration of its property, and such construction would be opposed to the well-settled rule of equity that the application of a mere creditor who has not prosecuted his claim to judgment and execution, nor in any other manner acquired a lien on his debtor's property, cannot interfere with the possession or control of the same through sequestration proceedings, nor can he if the debtor be a corporation sue the stockholders. What may be termed the "history" of chapter 76 (G. S. 1894, §§ 5889–5911) may be found in McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114, and we think furnishes sufficient reason for our conclusion, which is that sections 9, 17, c. 76 (G. S. 1894, §§ 5897, 5905), must be construed together, and that an action to sequestrate the property of and to have a receiver appointed for a corporation, except those specified in G. S. 1894, § 5900, cannot be maintained without first complying with the requirements of G. S. 1894, § 5897. Of course we are not now considering a case where it has been made to appear that it would be useless to first exhaust the legal remedies.

Order reversed.