STATE OF MINNESOTA v. DAVID C. BELL, Receiver.[1]

May 13, 1896.

Nos. 10,086—(293).

**Insolvent Bank—State a Preferred Creditor.**

> In an action under G. S. 1894, c. 76, to wind up an insolvent banking corporation, *held*, the state of Minnesota is a preferred creditor.

Appeal by defendant from an order of the district court for Hennepin county, Jamison, J., directing him, as receiver of the City Bank of Minneapolis, insolvent, to pay over to plaintiff $14,-217.68 and interest in full payment of plaintiff's claim against said insolvent. Affirmed.

*Harlan P. Roberts* and *Welch, Hayne & Conlin*, for appellant.

*H. W. Childs*, Attorney General, and *Geo. B. Edgerton*, for the State.

CANTY, J. The City Bank of Minneapolis is a corporation, was organized under the laws of this state for the purpose of doing a banking business, and carried on such business for many years prior to January 14, 1896, when it became insolvent, and closed its doors. Thereupon an action was commenced against it under G. S. 1894, c. 76, for the appointment of a receiver to wind up its affairs, and a receiver was duly appointed. Some time previous to its failure the bank was selected as one of the depositaries of state funds, gave a proper bond, and received from the state treasurer deposits of state funds, all as provided by G. S. 1894, § 344 (2). At the time of its failure the bank still retained of such funds the sum of $14,217.68. The receiver, having qualified and entered upon the discharge of his duties, collected from the assets of the bank, and had on hand, the sum of $35,000, and thereupon the state, through its attorney general, applied to the court in the receivership action for an order that it be paid as a preferred creditor out of the money so in the hands of the receiver. The court so ordered, and the receiver appeals.

We are of the opinion that under our statutes the state is a preferred creditor in such a case as this, and that the order appealed

[1] Reported in 67 N. W. 212.

from should be affirmed. G. S. 1894, § 348, provides: "If any treasurer, or other person indebted to the state, becomes insolvent, the debt of the state shall be paid first of all debts, notwithstanding any attachment against his effects, or any voluntary assignment thereof to pay debts, or for other purposes." Section 5898, found in chapter 76, provides: "Upon a final judgment on any such complaint, the court shall cause a just and fair distribution of the property of all such corporations and of the proceeds thereof, * * * to be made in the following manner: After the payment of costs, debts due the United States, the state of Minnesota, all taxes," etc., the receiver shall pay the other debts. This clearly makes the state a preferred creditor in proceedings under chapter 76.

To avoid the effect of this section, appellant refers to section 5908, found in this same chapter 76, which provides: "Upon a final judgment in any such action to restrain a corporation, or against directors or stockholders, the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among its creditors." Here are two sections of chapter 76, both providing for the final distribution of the assets of corporations. Appellant claims that section 5908 alone applies to corporations having banking powers, and that section 5898 does not apply to those, but to other corporations.

In Klee v. E. H. Steele Co., 60 Minn. 355, 62 N. W. 399, we held that section 5900 permitted the creditor to proceed under this chapter to appoint a receiver of a moneyed or insurance corporation, and wind it up, without having first obtained judgment, and without the issue and return unsatisfied of execution, but that this section does not apply to other corporations, although the first section of the chapter (section 5889) provides that the chapter embraces all corporations. We held that as to other corporations the creditor must, under section 5897, first obtain judgment, and execution must be issued and returned unsatisfied, before he can maintain the action. Appellant contends that in the same manner we ought to make a distinction between section 5898 and section 5908, and apply the latter only to moneyed and insurance corporations and the former only to other corporations. We cannot agree with appellant. We cannot split up and dissect chapter 76 in this manner. We held as we did in that case because section 5900 is,

by its express terms, confined to moneyed and insurance corpora-tions. There is nothing so inconsistent and irreconcilable between sections 5898 and 5908 that the provisions of each cannot, as far as applicable, be applied to all of the different kinds of corpora-tions mentioned in section 5889. Then it is clear that by the plain words of the statute the state is a preferred creditor. That this is the clear policy of the legislation of this state appears further from sections 4234 and 4251.

There is nothing in the point that the indebtedness in question is due, not to the state, but to the state treasurer.

The order appealed from is affirmed.