AMERICAN SAVINGS & LOAN ASSOCIATION v. FARMERS & MER-
CHANTS STATE BANK and Others.[1]

June 16, 1896.

Nos. 10,084—(278).

**Insolvent Banking Corporation—Action under G. S. 1894, §§ 5900–
5903—Necessity of Prior Judgment.**

Under G. S. 1894, §§ 5900–5903, a creditor of a corporation having banking
powers may, without having obtained a judgment at law against it, main-
tain an action, in behalf of himself and all other creditors who may choose
to become parties thereto, against the corporation, to obtain the relief pro-
vided by said sections.

**Same—G. S. 1894, § 5904.**

Section 5904 of the same statute merely extends the remedy to such cred-
itors as may choose to proceed to judgment against the corporation before
resorting to the equitable proceeding provided by statute.

Appeal by defendant Williamson from an order of the district
court for Hennepin county, Belden, J., overruling his demurrer to
the amended complaint. Affirmed.

*Davis & Pierce*, for appellant.

The complaint is insufficient from failure to allege that plaintiff
has recovered judgment against the bank, and that execution has
issued and been returned unsatisfied. G. S. 1894, § 5897. The
creditor must exhaust his legal remedy before he can maintain an
action in equity. 1 Cook, Stock & Stockh. § 200, and cases cited;
5 Thompson, Corp. §§ 6561, 6563; Bank of U. S. v. Dallam, 4 Dana
(Ky.) 574; 5 Thompson, Corp. § 6559; Jones v. Green, 1 Wall. 330;
Rocky Mt. Nat. Bank v. Bliss, 89 N. Y. 338; Handy v. Draper,
89 N. Y. 334. The insolvency of the corporation will not excuse the
creditor from pursuing his remedies and securing a judgment against
the corporation, and having an execution thereon returned unsatis-
fied. Walser v. Seligman, 21 Blatch. 130, 13 Fed. 415. G. S. 1894,

[1] Reported in 67 N. W. 800.

§§ 5898, 5905, must be construed together. Klee v. E. H. Steele Co., 60 Minn. 355, 62 N. W. 399; McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114. In the construction of statutes courts must look at the language of the whole act. Williams v. People, 17 Ill. App. 274; Thompson v. Bulson, 78 Ill. 277; James v. Du Bois, 1 Harrison (N. J.) 285; Opinion of Justices, 22 Pick. 571. A statutory remedy must be strictly pursued. Sutherland, St. Const. §§ 392, 393, and cases cited; Preist v. Essex H. M. Co., 115 Mass. 380, 382; In re Peoples L. S. Ins. Co., 56 Minn. 180, 57 N. W. 468; Merchants Nat. Bank v. Bailey M. Co., 34 Minn. 323, 25 N. W. 639.

*Young & Lightner*, who filed a supplemental brief by consent, for appellant.

The so called double liability of stockholders is purely statutory liability and is not known at common law. G. S. 1894, c. 76, provides the statutory remedy, and this is exclusive. Being statutory, it must be strictly complied with. Allen v. Walsh, 25 Minn. 543; Fourth Nat. Bank v. Francklyn, 120 U. S. 756, 7 Sup. Ct. 757. It is a statutory condition precedent in proceedings under chapter 76 to enforce the double liability of stockholders and directors that a judgment should be obtained and execution returned thereon unsatisfied. Klee v. E. H. Steele Co., 60 Minn. 355, 62 N. W. 399. The condition precedent can only be dispensed with in a case where it is impossible to obtain a judgment and have execution issued and returned unsatisfied. The rendition of a judgment and return of an execution unsatisfied is a necessary prerequisite, even though the corporation has been adjudged a bankrupt or has gone into insolvency. Fourth Nat. Bank v. Francklyn, supra; National T. W. Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165; Swan L. & C. Co. v. Frank, 148 U. S. 603, 612, 13 Sup. Ct. 691; Shellington v. Howland, 53 N. Y. 371, 375; Kincaid v. Dwinelle, 59 N. Y. 548; Cuykendall v. Corning, 88 N. Y. 129, 137; Handy v. Draper, 89 N. Y. 334; Rocky Mt. Nat. Bank v. Bliss, 89 N. Y. 338; Hardman v. Sage, 124 N. Y. 25, 34, 26 N. E. 354; Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716; Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Priest v. Essex H. M. Co., 115 Mass. 380; Thornton v. Marginal Freight Ry. Co., 123 Mass. 32; Remington v. Samana Bay Co., 140 Mass. 494, 5 N. E. 292; Patterson v. Lynde, 112 Ill. 196; Walser v. Seligman, 13 Fed. 415. A judg-

ment can be obtained and execution issue thereon. Smith v. St. Paul G. F. Ins. Co., 56 Minn. 202, 57 N. W. 475.

*Fred. W. Reed*, for respondent.

G. S. 1894, § 5897, does not apply to an action under this chapter against a corporation having banking powers. Olson v. Cook, 57 Minn. 559, 59 N. W. 635; Walther v. Bank, 58 Minn. 434, 59 N. W. 1077; Adler v. Milwaukee P. B. M. Co., 13 Wis. 63; Mann v. Pentz, 3 N. Y. 415; Cleveland v. Marine Bank, 17 Wis. 562; Merchants Bank v. Chandler, 19 Wis. 457; Allen v. Walsh, 25 Minn. 543; State v. Educational E. Assn., 49 Minn. 158, 51 N. W. 908; State v. Knights of Aurora, 49 Minn. 165, 51 N. W. 909. Whether the purpose of a judgment and execution be to show that the corporation is insolvent, or that there are no assets of the corporation to satisfy the demand, so that it is necessary to resort to the stockholders' liability, both facts are admitted, and judgment and execution would be meaningless and idle acts. Or if the purpose is to show that the legal remedy is exhausted, it is admitted plaintiff has no other remedy than this action, and the requirement would be equally idle. Such useless acts are not required. Brackett v. Rich, 23 Minn. 485; Klee v. E. H. Steele Co., 60 Minn. 355, 62 N. W. 399; Sleeper v. Goodwin, 67 Wis. 577, 31 N. W. 335; Shickle v. Watts, 94 Mo. 420, 7 S. W. 274; Morgan v. Lewis, 46 Oh. St. 1, 17 N. E. 558; Barrick v. Gifford, 47 Oh. St. 180, 24 N. E. 259; Bronson v. Schneider, 49 Oh. St. 438, 33 N. E. 233; Younglove v. Lime Co., 49 Oh. St. 666, 33 N. E. 234; Peter v. Foundry Co., 53 Oh. St. 534, 42 N. E. 690; Shellington v. Howland, 53 N. Y. 371; Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Thompson, Liab. Stockh. § 321; Paine v. Stewart, 33 Conn. 516. The rule that the legal remedy must be exhausted before proceeding against the equitable assets of the debtor, or against his sureties, does not apply: (1) Because the stockholders' liability is not an asset of the corporation; (2) because this indebtedness is original, and not collateral to that of the corporation. In re People's Live Stock Ins. Co., 56 Minn. 185, 57 N. W. 468. This indebtedness of the stockholders is primary and absolute and not that of a surety. Coleman v. White, 14 Wis. 762; Merchants Nat. Bank v. Chandler, 19 Wis.

457; Davidson v. Rankin, 34 Cal. 503; Young v. Rosenbaum, 39 Cal. 646; Mitchell v. Beckman, 64 Cal. 117, 28 Pac. 110; Gebhart v. Eastman, 7 Minn. 40 (56); Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263.

BUCK, J. There is but one material question raised by the demurrer in this case, viz.: Was it necessary to allege, in the complaint, that the plaintiff had recovered a judgment against the defendant bank, issued execution thereon, and had the same returned unsatisfied before commencing this action?

The facts alleged in the complaint are substantially as follows: The Farmers & Merchants State Bank, organized under G. S. 1878, c. 33, had for several years prior to June 20, 1893, carried on a general banking business. On June 19, having become utterly insolvent, it closed its doors, ceased to do business, and made a general assignment to the Northern Trust Company for the benefit of creditors, under Laws 1881, c. 148, and acts amendatory thereto. At this time it was indebted to various parties, and had been for more than a year prior thereto, in a sum exceeding $200,000, and its entire assets did not exceed $40,000. In December, 1893, respondent, holding a claim of $20,000, commenced this action, under G. S. 1878, c. 76, on behalf of itself and all other creditors who should come in, to enforce the statutory liability of stockholders. All of the stockholders were named as parties defendant, though a large number of them are nonresidents, over whom no jurisdiction could be obtained in this action. The entire capital stock at the time of the assignment, and for more than one year prior thereto, was $75,000. It appears, specifically, that the entire assets of the bank are not sufficient to pay more than 10 per cent. on the amount of claims duly proved and filed with the assignee. It also appears that, if the entire amount for which all the stockholders are liable was recovered, it would not be sufficient, added to the assets, to pay the indebtedness of the bank. It is specifically alleged in the complaint that the said defendant, Farmers & Merchants State Bank, is wholly and hopelessly insolvent, and has no property of any kind whatsoever that may be levied on or attached, or that can be reached by any order, writ, or process of this court, or otherwise, and from which plaintiff's said debt can be satisfied, in whole or in part, and the said

defendant bank has no property or assets whatsoever, except such as are in the hands of the assignee. A single defendant [appellant] demurred to the amended complaint. The court overruled the demurrer, and from that order this appeal is taken.

The complaint prays that the assignee in the insolvency proceedings, or some competent or suitable person, be appointed receiver, for the purpose of collecting and enforcing the statutory liability against the stockholders, and for certain other relief not necessary to specify. The action is brought supplementary to such insolvency proceedings, and, if the assignee in such proceedings is appointed receiver herein, he can proceed in aid thereof, and not in hostility thereto. The demurrer admits all of the material allegations of the complaint, one of which is that the Farmers & Merchants State Bank is a corporation, having banking powers, and that it is insolvent, and made an assignment for the benefit of its creditors, and refuses to pay its notes and debts on demand, and that it has no property subject to levy or attachment.

We have no hesitancy in holding that these proceedings may be instituted under G. S. 1894, §§ 5900, 5901, and such proceedings continued under sections 5902, 5903, and that, too, without any previous recovery of a judgment, issue of execution, and return of no property found.

Section 5900 is explicit, that "whenever any corporation having banking powers, or the power to make loans on pledges or deposits, or authorized by law to make insurances becomes insolvent, or unable to pay its debts, or neglects or refuses to pay its notes or evidences of debt on demand  *  *  *  the district court may, by injunction, restrain such corporation and its officers from exercising any of its corporate rights, privileges and franchises and from collecting or receiving any debts or demands, and from paying out, or in any way transferring or delivering, to any person, any of the moneys, property or effects of such corporation until such court shall otherwise order." Section 5901 authorizes the injunction to be issued upon the complaint of the attorney general, or on the complaint of any creditor or stockholder of such corporation, with the right to prosecute the same. Section 5902 provides that the court, in any stage of the proceeding, may appoint one or more receivers to take charge of the property and effects of such corporation, and to collect,

sue for, and recover the debts and demands that are due, and the property that belongs to such corporation, who shall in all respects be subject to the control of the court. Section 5903 provides that, if such application is made by a creditor of any corporation whose directors or stockholders are made liable by law for the payment of such debts in any event or contingency, such directors or stockholders, or any of them, may be made parties to the action, either at the time of filing the complaint, or at any subsequent stage of the proceedings, whenever it becomes necessary to enforce such liability. These sections authorize proceedings of the character brought by the plaintiff, independent of any other provisions of the statute. Insolvency, inability, refusal, or neglect to pay its notes or debts, by a corporation having banking powers, gives the attorney general, a creditor, or stockholder the right to proceed in the manner provided by these sections, and to the extent therein provided, without any reference to any other provisions of the statute.

This being a proceeding against a corporation having banking powers,—in fact, against an incorporated and organized bank itself, —the case of Klee v. E. H. Steele Co., 60 Minn. 355, 62 N. W. 399, does not aid the contention of the appellant that there should first be a judgment at law, and execution returned nulla bona. That was a case where the corporation was organized under the general laws of the state for the purpose of dealing in real, personal, and mixed property, but it had never been engaged in anything but merchandising, and it is there held that, as to such corporation, sections 5897 and 5905 must be construed together, in an action to sequestrate the property and have a receiver appointed, and that a creditor of such corporation must first exhaust his legal remedy, as required by G. S. 1894, § 5897. But it is also there said that banking and insurance companies are excepted from this requirement, and possibly cases where it would be useless to exhaust such remedies.

The statute of the state of Wisconsin upon this subject is substantially the same as ours, and in the case of Cleveland v. Marine Bank, 17 Wis. 545, the law in the syllabus is stated as follows:

"Under section 25. ch. 148, R. S. (2 Tay. Sts., 1734), a creditor of a bank existing under the laws of this state may, without having obtained a judgment at law against it, maintain an action (in behalf of himself and all other creditors who may choose to become parties thereto) against the bank, jointly with its stockholders, to obtain the

relief provided for by sections 21, 23, 24, 30, 31, and 32 of said chapter. Section 26 of the same chapter merely extends the remedy to such creditors as may choose to proceed to judgment against the corporation before resorting to the equitable proceeding provided by the statute."

Section 26 in the Wisconsin statute is similar to G. S. 1878, c. 76, § 16, and G. S. 1894, § 5904, of our state. It seems to us that this is a reasonable construction of the law. While an independent action may be commenced against a banking corporation under G. S. 1894, §§ 5900–5903, yet section 5904 is not in conflict with these sections, but is an extension of "the remedy to such creditors as may choose to proceed to judgment against the corporation before resorting to the equitable proceeding provided by the statute."

We perceive no inconsistency in these sections, and they may be applied to a different class of creditors, and still the workings of all be harmonious. Perhaps other sections of chapter 76, G. S. 1878, may be invoked to aid these creditors in enforcing the statutory liability of the stockholders of the defendant bank, but, upon the facts appearing in the record, we think the action may be commenced and maintained, under the sections which we have referred to as authorizing it, irrespective of the statement of counsel that it is brought under sections 17–23, c. 76. No proceeding hostile to the assignee in insolvency is sought, but the relief asked is that such assignee be also appointed receiver, in extension of the remedy already possessed by it against the stockholders, in behalf of such plaintiff creditors as may be equitably entitled to relief. A stockholder's liability is not a corporate asset, and it may be reached, through a proper proceeding, by a receiver of the corporation bringing in the stockholders of the corporation, which could not be done in mere insolvency proceedings.

The legislature has seen fit to authorize the commencement of an action against any insolvent corporation having banking powers, and the appointment of a receiver, to take charge of the property and effects of such corporation, and sue for and collect the same, and the wisdom of such an act is quite apparent. Referring, again, to G. S. 1894, § 5903, we find that, where application for an injunction and receiver is made by a creditor of any corporation whose directors or stockholders are liable by law for the payment of such debts, they

may be made parties to the action when the complaint is filed, or at any subsequent stage of the proceedings, and their liability enforced. It seems to us that this provision is quite decisive of the question involved. It contemplates no prior judgment or return of an unsatisfied execution, but, either at the beginning, or at any stage of the proceedings, stockholders may be made parties. It certainly does not contemplate that, when a banking corporation shuts its doors, refuses to pay its depositors or creditors, and becomes hopelessly insolvent, they shall be compelled to wait for months or years, through a long, and perhaps expensive, litigation, for judgment, and execution returned nulla bona, before legal proceedings can be instituted to enforce a stockholder's liability. Perhaps a more strict adherence to the law and its imposed liabilities against corporations and their stockholders, directors, and officers may operate as a warning to those having them in charge that immediate pecuniary liability will usually follow inattention, negligence, or criminal disregard of their corporate duty towards those who, through confidence, have become their creditors.

The order overruling the demurrer is affirmed.