## NATIONAL GERMAN–AMERICAN BANK v. ST. ANTHONY PARK NORTH REAL–ESTATE IMPROVEMENT COMPANY and Others.[1]

June 17, 1895.

Nos. 9265—(156).

**Insolvent Corporation—Bringing in Stockholders.**
> In an action against a corporation under G. S. 1894, c. 76, a creditor may join, in his complaint setting forth his demands against the corporation whereby he becomes a party to the action pursuant to the order of the court, a further claim to have stockholders made parties to the action, and have their liability ascertained and enforced for the benefit of all of the creditors, although the complaint of the creditor who instituted the action did not demand such relief.

**Same.**
> Such stockholders may be made parties to the action on the complaint of a creditor other than the plaintiff, either before or after the expiration of the time limited by the court for creditors to exhibit their claims.
> Other assignments of error considered and determined.

Appeal by F. D. Hager and others from an order of the district court for Ramsey county, Egan, J., making them parties defendant in the action, amending the original summons, and authorizing the attorneys of the claimant Smith to issue a summons in the action and to serve the summons as amended upon the additional parties defendant. Affirmed.

*F. W. M. Cutcheon* and *Henry B. Wenzell,* for appellants.
*T. R. Palmer* and *W. T. McMurran,* for respondent Smith.

[1] Reported in 63 N. W. 1068.

START, C. J.  The district court of Ramsey county, on June 27, 1894, appointed a receiver for the defendant corporation, the Improvement Company, in this action, which was brought under the provisions of G. S. 1894, c. 76, for the sequestration of the property of such corporation, but none of its stockholders were originally made parties to the action.  The usual order for creditors to exhibit their claims and become parties to the action was made on June 30, 1894, pursuant to G. S. 1894, § 5911, wherein it was provided that such claims should be exhibited by filing in the office of the clerk of the court a verified complaint setting out a brief description of such claim, and by delivering to the receiver a true copy of the complaint so filed.  The respondent S. Russell Smith, within the time limited by the order, and on September 12, 1894, so filed his complaint against the Improvement Company, which alleged that such company was indebted to him in a sum exceeding $28,000, consisting of a judgment for $19,075.80, recovered on July 5, 1894, against it in his favor, upon which an execution had been issued, and returned wholly unsatisfied, and a promissory note made by it, amounting to more than $9,000, including interest; and further alleging that it was insolvent.  He further stated in his complaint the names of the stockholders of such corporation, the number of shares held by each, and prayed that his claims be allowed, and that the stockholders be made parties to the action, and for appropriate relief against them.  A copy of this complaint was delivered to the receiver on the next day after the original was filed, but there was attached to it a notice of a motion to bring in such stockholders as additional parties.  From an order granting respondent's motion to make such stockholders parties to this action this appeal was taken.

1. Appellants claim that the respondent did not comply with the order of June 30, 1894, in that a copy of his complaint had not been delivered to the receiver before giving notice of his motion, and therefore he was not a party to the action.  The complaint was properly filed, and the notice of the motion and a copy of the complaint were delivered to the receiver at the same time.  This was a sufficient compliance with the order.

2. Equally untenable is appellants' claim that stockholders could not be made parties to the action until the time for exhibiting claims

had expired. It would have been perfectly competent for the plaintiff in the first instance to have made the stockholders parties defendant, and such is the ordinary and correct practice in actions of this nature. G. S. 1894, c. 76, § 5903. But because the plaintiff omitted to make the stockholders parties furnishes no reason for denying other creditors the right to have them brought in. The action is not for the plaintiff's sole benefit, but for all creditors who become parties to the action, and whatever the plaintiff might do in the premises such creditors can. The plaintiff might have set forth in its complaint its cause of action against the corporation, and also its claim to have it satisfied pro rata with the claims of other creditors by the stockholders, and any other creditor may file just such a complaint if the plaintiff has not done so. Arthur v. Willius, 44 Minn. 409, 46 N. W. 851.

3. If the respondent has, as appellants claim, assigned his judgment as collateral security, it is a matter which may be raised by answer to his complaint, and all parties having an interest in the judgment can be brought into the action as parties. In any event, he is a creditor to the extent of $9,000, as appears from his complaint, exclusive of the judgment.

Order affirmed.