## HEMAN H. PALMER v. BANK OF ZUMBROTA.[1]

### June 10, 1896.

### Nos. 9759, 9760, 9761, 9762, 9868—(18, 19,*83, 84, 190).

**Insolvent Banking Corporation—Action under G. S. 1894, c. 76, §§ 5900, 5901 — Intervention by Creditor to Enforce Liability of Stockholders.**

Where a creditor of an insolvent banking corporation institutes an action against it under the provisions of G. S. 1894, c. 76, §§ 5900, 5901, and secures the appointment of a receiver, but fails to take any steps towards bringing the stockholders of the insolvent into the action, any other creditor may, upon an ex parte application to the court, showing the necessity of enforcing the statutory liability of such stockholders, obtain an order allowing him, in his own behalf and in behalf of all other creditors, to intervene and file a complaint making the stockholders parties defendant, and to bring them into the action for the purpose of ascertaining and determining their statutory liability in the same proceeding.

**Same.—Judgment Determining Insolvency and Appointing Receiver —Complaint in Intervention.**

Prior to the application above referred to, an interlocutory judgment or decree had been entered against the bank for want of answer, adjudging it to be insolvent, and confirming the provisional appointment of a receiver and making the appointment permanent. This was alleged in the complaint. *Held* that, if such a judgment was essential, under the provisions of section 5904 (and upon this question no opinion is expressed), the allegations were sufficient.

[1] Reported in 67 N. W. 893.

### Same—One Action.

When a creditor has been allowed, upon application and by order of the court, to intervene and file a complaint, and to bring stockholders into an action instituted under the provisions of sections 5900, 5901, and they have been brought in, there is but one action or proceeding pending. As the insolvent corporation is already a defendant therein, it need not be named as a defendant in the complaint just referred to, nor again be served with a summons.

### Same—Amendment of Original Complaint.

After another creditor has been permitted to file a complaint which brings the stockholders into the action, it is too late for the creditor who instituted the action to amend his complaint to the same end.

### Cause of Action against One Defendant—Joint Demurrer.

If a complaint states a cause of action against any one of several defendants jointly demurring, an order overruling the demurrer must be affirmed.

### Judgment Exceeding Relief Demanded—Appeal.

If a judgment entered in strict accordance with the order of the court for judgment departs from or exceeds the relief demanded in the complaint, the proper remedy is by appeal from the judgment, not by a motion to wholly vacate and set it aside.

### Order Directing Receiver to Sue Stockholders—Harmless Error.

In the interlocutory judgment or decree made upon default in the proceedings above mentioned, the receiver was directed to proceed by suit against the stockholders of the insolvent bank to ascertain and determine their statutory liability. *Held* to be harmless error, for reasons stated in the opinion.

### Intervening Creditors—When Parties.

Where creditors of an insolvent banking corporation, in accordance with the terms of, and in response to, an order of the court, made and published under the provisions of section 5911, have filed their claims in the shape of an intervenor's complaint, made under oath, they become parties to the proceeding or action. No formal order of the court making them parties is required.

Action in the district court for Goodhue county under G. S. 1894, c. 76, to restrain defendant bank from exercising its corporate rights, privileges, and franchises and for the appointment of a receiver. An order was made appointing a receiver, and afterwards judgment was entered adjudging defendant insolvent, confirming the appointment of the receiver, and granting other relief. In the course of

the action five appeals were taken from the orders of the court, Crosby, J., as follows: (1) R. P. E. Thacher by leave of court intervened in behalf of himself and all other creditors of defendant, for the purpose of bringing in the stockholders and enforcing their statutory double liability, and from an order denying his motion to set aside the order authorizing the intervention plaintiff appealed. (2) Ed. S. Person and other stockholders, who were made parties defendant by the complaint in intervention, demurred thereto, and from orders overruling their demurrers they appealed. (3) Defendant moved to set aside the judgment entered against it upon the original complaint, and from an order denying this motion, it appealed. (4) Plaintiff moved for leave to file an amended complaint and to bring in the stockholders of defendant for the purpose of enforcing their double liability, and from an order denying this motion he appealed. (5) A motion was made on the part of the intervening creditors to make them parties plaintiff, and from an order granting this motion plaintiff and certain defendant stockholders appealed. Orders affirmed.

*J. C. McClure, Frank M. Wilson,* and *Charles C. Willson,* for appellants.

*Smith & Parsons* and *Wright & Matchan,* for respondents.

COLLINS, J. The Bank of Zumbrota was organized under the laws of this state, in 1878, with a capital of $50,000. Subsequently it reduced its capital to $25,000. In May, 1893, it suspended payment. On July 15 a meeting of the shareholders was called, and, believing the concern solvent, it was resolved to increase the capital to $45,000 by issuing new stock to the amount of $20,000. Several of the depositors who had not previously been stockholders were induced to subscribe for the new stock, and in payment therefor to surrender certificates of deposit. The balance of the new shares was subscribed for and taken by the old stockholders. Business was resumed, but, on January 15, 1894, the bank again suspended. Heman H. Palmer was a shareholder, holding both old and new stock, and was also a director. He was also a depositor in the bank, and on the day last mentioned commenced an action against the suspended and insolvent institution, under the provisions of G. S. 1894, §§ 5900, 5901. The next day an order of the court was entered appointing

a receiver, as provided for in section 5902. The receiver at once entered upon the performance of his duties, and still continues to perform the same. The bank did not appear or answer in the action instituted by Palmer, and on February 23, 1895, upon findings of fact, and an order for judgment, made by the court, a judgment or decree against it was entered, adjudging and decreeing that the bank was insolvent, as alleged in the complaint, and sequestrating its estate and property of every nature. The former appointment of the receiver was confirmed by the judgment, and the bank, with all officers, agents, and attorneys, permanently restrained from any further business.

Soon after the appointment of the receiver, in 1894, an order of the court had been made directing all creditors of the insolvent to establish and file their claims within a specified time, and among the creditors whose claims were filed and allowed was one Thacher. He held a certificate of deposit when the bank suspended in 1893, and his claim was based upon a certificate issued in place thereof soon after the bank resumed business with the increased capital and new stockholders. In March and April, 1895, pursuant to an order of the court, the receiver paid to each of the creditors whose claims had been allowed a dividend of 20 per cent. Up to January 11, 1895, none of the persons who first became shareholders in 1893 had complained or objected in any way. On that day several of these persons filed claims against the insolvent estate, setting forth their subscription for shares in July, 1893, their acceptance of the shares in satisfaction of the amounts due upon certificates of deposit, alleging that the shares had been unlawfully issued, offering to surrender the same for cancellation, and demanding that they be treated as creditors to the extent of the amounts paid for the shares. April 25, 1895, Thacher, as a creditor of the estate, presented to the court an application for leave to intervene, and to file a supplemental complaint, in behalf of himself and all other creditors, in the Palmer action, for the purpose of enforcing the double liability of stockholders, and obtained an ex parte order permitting him to file his complaint in the office of the clerk of the court where the proceedings were pending, and to issue a summons to each of the stockholders, requiring each to answer this supplemental complaint. The complaint was filed, and a summons issued and served.

On June 10, 1895, Palmer appeared and moved the court to set aside its order which permitted and authorized Thacher to intervene, to permit him to file a complaint, and to summon the stockholders to answer the same. In the motion Palmer's attorneys specified three grounds therefor,—the first, that no notice of the application made by Thacher had been served upon Palmer or his attorney; and the second, that Thacher was not entitled to intervene, or to file a complaint in intervention, because judgment had not been entered in the Palmer action. The third ground need not be stated, as it has been abandoned. The court below denied the motion, and Palmer appealed. This is designated the "first appeal."

Among the persons made defendants by Thacher's complaint were Ed. S. Person; George Person; Frederick J. George, as administrator of the estate of Fred George, deceased; Oscar H. Hall, as administrator of the estate of Thomas P. Kellett, deceased; and Harvey Miller, surviving executor and trustee of the estate of Martin S. Chandler, deceased. Miller demurred separately to the complaint, while the balance of the above-named defendants joined in a demurrer. The grounds upon which these demurrers were based were both special and general, and were the same in both cases. Each demurrer was overruled, separate orders being filed by the court, and thereupon a single notice of appeal was served, all of the demurring defendants joining therein, and but one bond on appeal was filed. This is called the "second appeal."

We have stated that on February 23, 1895, a judgment or decree was entered against the bank in accordance with a part of the prayer for judgment in Palmer's complaint. On June 10, 1895, the defendant bank, which had theretofore failed to appear in any manner, moved to vacate and set aside this judgment or decree upon three grounds—First, that it departed from and exceeded the relief demanded by the complaint; second, that it was contrary to law, in that it authorized and directed the receiver to sue the stockholders upon their statutory liability; and, third, that it was also contrary to law, because it authorized the receiver to commence a number of independent actions and did not confine the remedy of the creditors upon the statutory liability to the statutory method of enforcing the same. This motion was denied, and the bank appealed. This is known as the "third appeal."

On the same day, June 10, 1895, Palmer moved the court for leave to file an amended complaint in the action, and to cause a summons to be served upon the defendants named therein, who were, according to the averments in the pleading, the stockholders in the bank, and the representatives of such as had deceased. This complaint did not differ materially from the one already filed by Thacher, and substantially the same persons were named as defendants. The court denied this motion, and Palmer's appeal is called the "fourth appeal."

The time fixed by the court, upon the motion of counsel for the intervenor, Thacher, within which creditors of the insolvent were required to exhibit their claims and become parties to the actions, expired November 23, 1895. Prior to that day more than 100 creditors had exhibited their claims against the insolvent, in the nature of complaints in intervention, adopting the allegations in the Thacher complaint, and asking to become parties to the action, for the purpose of sharing in the benefits and proceeds of the judgment to be entered. A notice was then served that, on December 12, 1895, a motion would be made before the court for an order making each and all of said creditors parties plaintiff, along with Thacher, the intervenor, the defendants impleaded, and any other person, party to the proceeding, having the right to answer any of said complaints. The order was made by the court December 14, 1895, and Palmer, with two other defendant stockholders, appeal from it. This appeal is called the "fifth appeal." It is also the last appeal, so far as we know.

All of these appeals were argued and submitted at the same time, and will be considered in their order.

1. As to the first appeal, which is from the order refusing to vacate an order, made ex parte, allowing Thacher's intervention in the proceeding, we shall consider the order refusing to vacate a prior order appealable, although there is considerable doubt about it.

It would have been the proper and ordinary practice for plaintiff Palmer to make the stockholders co-defendants with the bank at the outset, for the purpose of ascertaining and determining their liability. National Ger. Am. Bank v. St. Anthony Park North R. E. I. Co., 61 Minn. 359, 63 N. W. 1068. But he failed so to do, nor did he proceed to bring them in, as he might have done, by an amend-

ed complaint. If, under this condition of affairs, any other creditor desired to have the stockholders made defendants, he had the right so to do by applying for leave, in his own behalf and in behalf of all other creditors, to insert the additional necessary allegations in his petition or proof of claim. See Pioneer Fuel Co. v. St. Peter Street Imp. Co., 64 Minn. 386, 67 N. W. 217, in which the practice in proceedings of this nature is laid down. Or, if his status as a creditor is already established by proof, he can, by leave of the court, intervene for the purpose of bringing in the stockholders as defendants. He simply applies for and obtains leave to file a cross bill bringing in parties who have been omitted by the original plaintiff. It is in the discretion of the judge to allow the application ex parte, and in practice this can lead to no abuse, as the order should provide for service of the cross bill on all interested parties.

There is nothing in the contention, made below, that Thacher was not entitled to intervene, and that his complaint was insufficient be- cause he therein failed to allege that a judgment had been entered in the action instituted by Palmer against the corporation; for if, as claimed by counsel, a judgment against the bank in the proceed- ing itself is essential, under section 5904, as a condition precedent to the filing of a complaint by a creditor other than the one who in- stitutes the action,—and on this we express no opinion,—the com- plaint filed by Thacher was ample, for it contained an allegation of the entry of the judgment or decree of February 23, 1895, whereby the insolvency of the bank was determined, and the provisional ap- pointment of a receiver confirmed and made permanent, although an erroneous date was given. Section 5904 cannot refer to any other judgment than an interlocutory one which sets at rest the questions of insolvency and the appointment of a permanent receiver. The order appealed from must be affirmed.

2. We now come to a consideration of the second appeal, which, as before stated, is a joint appeal from separate orders overruling two demurrers, in one of which four defendants joined, and in the other there was but a single defendant. One of the grounds as- signed in each of these demurrers was that there was another action pending between the same parties for the same cause, namely, Palm- er's action against the bank; another ground was that there was a defect of parties defendant, in that the bank was not named as a

party defendant; and the third ground was that the complaint failed to state facts sufficient to constitute a cause of action.

The first and second grounds of demurrer have really been disposed of by what was said in discussing the first appeal. There was no second action instituted when Thacher filed his complaint and by service of a summons brought the stockholders in to answer. There was and is but one action or proceeding pending,—that instituted by Palmer. The rights of all parties are to be determined and adjusted in that proceeding, the parties having been brought into it by Thacher. No doubt on this point ought to have existed at any time since the decision in McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114. The bank was already a party to the proceeding, had been duly served with a summons, had made no answer, and for over one year its assets had been in the hands of a receiver. It was already a party defendant in the same proceeding. It does not appear whether the cross bill was ever served on it, and the point is not made that it was not.

This leaves for consideration a single question, and that is whether the Thacher complaint stated facts sufficient to constitute a cause of action. It certainly did as to the defendants Ed. S. and George Person, who were alleged to be stockholders; and for this reason alone, if for no other, the joint demurrer was properly overruled. The defendant Miller was brought into the proceeding, by means of the Thacher complaint, as the sole executor of the last will and testament of one Chandler, deceased, who was a stockholder in his lifetime, and as the sole trustee of his estate under said will; it being alleged that, as such trustee, Miller had and held the assets of said estate in his hands. The only assignment of error made by counsel which is special to the Miller demurrer is that the court erred when holding that the cestui que trust under Chandler's will was not a necessary party. The court did not so hold, for the question was not raised by the demurrer. It did hold that, as against the trustee, the complaint stated facts sufficient to constitute a cause of action; and this was clearly right, for, irrespective of the question whether the beneficiaries under the Chandler will should or should not have been made parties, it is evident that the trustee was a proper party, for in no way could the final adjudication of the liability of the Chandler estate be made binding upon the trustee with-

65 M.—7

out making him a defendant. Both of the orders appealed from must be affirmed.

3. We have stated the three grounds explicitly set forth in the motion made by the bank, a denial of which has led to the third appeal. There was no claim that the entry of this judgment or decree was wholly unwarranted. The three grounds on which the bank moved to set aside the interlocutory judgment practically resolved themselves into one. The only respect in which the judgment departed from or exceeded the relief demanded in the complaint was in directing the receiver to sue the stockholders. Originally this was error, as the receiver could not maintain such actions. Allen v. Walsh, 25 Minn. 543. But, before the error was assailed by the defendant bank, this part of the judgment had been, in effect, superseded by the subsequent inconsistent action of the court in allowing Thacher's cross bill, and in bringing in the stockholders under the same. After the stockholders were thus brought into the original suit by order of the court, the receiver was no longer authorized to bring suits against them. Therefore, when the bank made application to have the judgment set aside, the error complained of had in fact already been corrected, and became error without prejudice. This order must also be affirmed.

4. What has been said in respect to the first appeal disposes of the fourth appeal, which was from an order denying Palmer's motion to amend his complaint by setting forth a cause of action against the stockholders, and to bring them into the proceeding. This was exactly what Thacher had already done, by leave of the court, in behalf of himself and all other creditors. Nothing further in this direction would seem to be essential or contemplated by the statute. Palmer had a strict legal right to amend his complaint, and to compel the stockholders to come into the proceeding, and so had every other creditor; but this right could be waived by failing to exercise it He has no reason to complain if his legal right has been lost by his own neglect.

5. This brings us to the fifth and last appeal. By G. S. 1894, § 5911, the court, whenever necessary or proper, in these proceedings, may order a notice to be published, in a manner prescribed, requiring all creditors of the insolvent corporation to exhibit their claims and become parties within a reasonable time, "not less than six

months" from the first publication of the order, or be forever excluded from participating in the assets. The order in question was made May 21, 1895. It was published for the first time on May 23, and in terms required the creditors to file their claims, duly verified under oath, in the nature of an intervenor's complaint, in the office of the clerk of the district court in which the proceeding was pending, within six months from said first publication. Over 100 creditors filed their claims in due form within the prescribed time, and also within the time gave notice of a motion for a formal order making them parties. This motion was heard December 12, 1895, and the formal order, involved in the fifth appeal, was filed by the court December 14.

The position of counsel taking the appeal is that the claims were not filed, and the creditors did not become parties to the proceeding within the time fixed by the order or notice, and hence are to be barred from all benefits and from sharing in the proceeds in the receiver's hands; in other words, that within the time fixed by the court all claims must be exhibited, the notice of motion given, and the formal order made. There is nothing in this position, on the facts now before us; for where, in accordance with the terms of the order, and in response thereto, creditors file their claims in the shape of an intervenor's complaint, made under oath, in the clerk's office, they become parties to the proceedings. No subsequent formal order is necessary. But, had it been, there was no abuse of discretion on the part of the court when, under the circumstances, it made its order of December 14, 1895, granting the motion of the creditors that they might be formally made parties.

Each and all of the orders stand affirmed.