MINNEAPOLIS BASEBALL COMPANY v. CITY BANK.[1]

December 16, 1896.

Nos. 10,191—(145).

**Corporation—Liability of Stockholders—Enforcement by Receiver.**

A receiver appointed in an action for the sequestration of the assets of an insolvent corporation, under the provisions of G. S. 1894, c. 76, has no authority, except in cases where it is otherwise provided by statute, to enforce the individual liability of the stockholders for the debts of the corporation.

Action in the district court for Hennepin county, in which David C. Bell was appointed receiver of defendant corporation, and Charles D. Whitall and another intervened for the purpose of enforcing the liability of stockholders. From orders, Jamison, J.,—one denying the application of intervenors to have the stockholders brought in as defendants, and required to answer their amended complaint, and another granting the application of the receiver for leave to file a supplemental complaint, and requiring the stockholders to be made parties defendant and to answer the same,—the intervenors appealed. Reversed.

*Millard F. Bowen* and *John Hay*, for appellants.

*Harlan P. Roberts* and *Victor J. Welsh*, for respondents.

START, C. J. This action was originally commenced against the defendant bank alone, on January 15, 1896, under the provisions of G. S. 1894, c. 76, for the sequestration of its assets, and the appointment of a receiver. On the following day, the appellants herein filed their cross bill or complaint, as creditors of the bank, seeking thereby to enforce the double liability of its stockholders for its debts, alleging therein a cause of action against them, and naming them as parties defendants. The appellants then moved the court for an order joining the stockholders as defendants and requiring them to answer the cross bill. The trial court denied the motion, without prejudice and with leave to renew it, upon the ground that it was not advisable to proceed against the stockholders until it became apparent that the assets of the corporation would not pay its debts in full. On January

[1] Reported in 69 N. W. 331.

23, 1896, David C. Bell was appointed receiver of the property and assets of the defendant corporation, to take charge of its property and effects, with power to collect, sue for, and recover the debts and the property that belonged to the defendant.

On March 30, 1896, it was apparent that the assets of the corporation were insufficient to pay its debts, and the appellants renewed their motion to bring in the stockholders to answer their cross bill. Thereupon the court made its order requiring the bank and the receiver to show cause on April 4, 1896, why the motion should not be granted. On April 3, 1896, the receiver filed what is designated as a "supplemental complaint" (it is difficult to classify it), asking that the stockholders be made parties to the action, and be required to answer his complaint, wherein he sought to enforce their individual liability. Upon the hearing of the motion of the appellants, on the next day, the receiver opposed it, and claimed that the stockholders should be made parties, and required to answer his complaint, and not that of the creditors. The court thereupon made its order denying the motion of the appellants, and its further order directing the stockholders to be made parties on the application of the receiver, and to answer his complaint. The appellants appealed from each order.

Their motion was denied, on the sole ground that the receiver was the proper party to enforce the personal liability of the stockholders. If such is the case, and he is authorized by law to enforce the liability of the stockholders for the debts of the corporation, then the order should be affirmed. We say "order," because, practically, there was but one; for the refusal to bring the stockholders in on the appellants' cross bill and ordering them joined on the receiver's petition or complaint might properly have been included in one order. The only question, then, in this case, is: Has a receiver of a corporation appointed in sequestration proceedings under G. S. 1894, c. 76, authority to enforce the personal liability of stockholders for the debts of the corporation? We answer the question in the negative.

This is not a mere question of practice, which does not affect the substantial rights of the appellants, as claimed by the respondents. While it is true, as claimed, that the time when, and upon whose cross bill or complaint, stockholders shall be brought into the action, where the plaintiff has omitted to make them parties, rests largely in the discretion of the trial court, and that when stockholders are once legal-

ly made parties and required to answer a complaint stating a cause of action against them on account of their individual liability, no other creditor or party is entitled to file such cross bill, yet each creditor has the legal right, where the corporate assets are insufficient to pay the debts, to have the stockholders made parties to the action, upon a complaint which they are bound to answer. Therefore, if the receiver is not authorized to enforce the liability of the stockholders, they are not bound to answer his complaint, and may demur or move to dismiss it, and have judgment accordingly.

We do not deem it necessary to enter upon any extended general discussion in support of our conclusion that the receiver in this case was not empowered to enforce the personal liability of stockholders for the debts of the defendant bank, for the reason that such conclusion necessarily follows from the previous decisions of this court. It is clear that the provisions of chapter 76 do not expressly or impliedly confer upon receivers the power here in question. On the contrary, the language used as to the powers of receivers and the rights of creditors unmistakably indicates that the liability of stockholders for the corporate debts cannot be enforced by the receiver, and that it must be enforced on the application of creditors, or by one in behalf of all; and such has been the practice in all former cases reaching this court.

In the case of Allen v. Walsh, 25 Minn. 543, it was held that the stockholders' liability was for the equal benefit of all creditors, and all had an equal right to enforce it, and that G. S. c. 76, provided an efficient and sole remedy for such enforcement, in a single action in which all persons interested should be joined, and their respective rights, equities, and liabilities finally settled and determined. This case was followed in Johnson v. Fischer, 30 Minn. 173, 14 N. W. 799, wherein it was held that the liability could only be enforced by or in behalf of all creditors, and against all of the stockholders upon whom the liability rested.

The case of Minnesota Thresher M. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310, which holds that the right to recover capital withdrawn and refunded by the corporation as a gratuity to its stockholders passes to the receiver, is not out of step with the cases holding that the stockholders' liability for the corporate debts can be enforced only by creditors, because such capital was at one time the

property of the corporation, and its return to stockholders without consideration was a fraud as to creditors. The right of the receiver, representing the creditors, to recover the capital so given away rests upon the same basis as does his right to recover any other property disposed of by the corporation in fraud of creditors. But there is no analogy between such an action by the receiver to reclaim assets at one time belonging to the corporation, which it has fraudulently transferred, and an action to enforce the individual or double liability of the stockholder for the debts of the corporation. Such liability sustains the relation of surety for the debts of the corporation; hence, from its very nature, it is not, and never can be, an asset of the corporation. In the last case cited, the court simply holds (following Farmers' Loan & T. Co. v. Minneapolis Engine & M. Works, 35 Minn. 543, 29 N. W. 349) that a receiver appointed under the provisions of G. S. 1894, c. 76, has the same powers and functions as a receiver upon a creditors' bill, or upon proceedings supplementary to execution. Everything which is still an asset of the corporation or debtor as to creditors becomes an asset in the hands of such a receiver. Among the rights which pass to him as the representative of creditors is the right to recover property of the corporation conveyed in fraud of creditors, or capital refunded without consideration to stockholders; that is, his powers and functions relate only to what is or was at some previous time, and still is, as to creditors, the property or estate of the corporation.

In Arthur v. Willius, 44 Minn. 409, 46 N. W. 851, it was held that the individual liability of stockholders for the corporate debts might be enforced upon the application of any creditor who is a party to the proceedings, though the plaintiff creditor did not demand in his complaint any such relief.

McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114, relied upon by the respondents to sustain their contention that a receiver is empowered to enforce the individual liability of a stockholder, does not support the claim, except by an obiter dictum to the effect that the liability could be enforced on the complaint of the receiver and that, ordinarily, such would be the most appropriate mode of procedure. Two questions only were involved and decided in this case: (a) that section 3 of article 10 of the constitution, imposing the liability, was self-executing; (b) that such liability could

be enforced after the appointment of a receiver in an action brought under G. S. 1894, c. 76, for the sequestration of the corporate assets, on the application of a creditor. It was not decided that a receiver could enforce the liability.

The case of St. Louis Car Co. v. Stillwater St. R. Co., 53 Minn. 129, 54 N. W. 1064, is also relied on by the respondents. The question in this case was whether a creditor could have the assets of a corporation sequestered, and a receiver appointed, under G. S. 1894, c. 76, where a receiver of the corporation in a foreclosure action had already been appointed, and it was held that he could. This was all that the case decided. But, in the opinion, the difference between the powers of a receiver in a foreclosure suit and a receiver under chapter 76 was set in contrast, and, in speaking of the powers of the latter, this language was used: "Everything becomes assets in his hands which are assets as to creditors, although not [then] assets as to the corporation; as, for example, property conveyed in fraud of creditors, capital withdrawn without provision for the payment of creditors, the personal liability of stockholders." The examples were simply illustrations of a general proposition. The first two were in point, and a correct statement of the law, but there is, as already pointed out, no analogy between the last example and the first two. The last one was inadvertently added by the writer of the opinion.

In re People's L. S. Ins. Co., 56 Minn. 180, 57 N. W. 468, was a proceeding under G. S. 1894, §§ 3430–3435, inclusive, to dissolve the corporation, and it was held that unpaid stock subscriptions were corporate assets, and might be recovered by the receiver. But it was further said: "The constitutional or statutory liability is directly to the creditors. The corporation cannot enforce it. It is no part of its assets." See, on this last point, Olson v. Cook, 57 Minn. 552, 59 N. W. 635.

The rule that it is a right belonging to creditors to have the stockholders brought into the action, to the end that their liability for the debts of the corporation may be ascertained and enforced by the court, was expressly recognized in the case of National German-Am. Bank v. St. Anthony Park N. R. E. Imp. Co., 61 Minn. 359, 63 N. W. 1068; and again, in the case of Pioneer Fuel Co. v. St. Peter St. Imp. Co., 64 Minn. 386, 67 N. W. 217; also, in Palmer v. Bank of Zumbrota, 65 Minn. 90, 67 N. W. 893, which further holds that a judg-

ment in an action by a creditor under G. S. 1894, c. 76, to sequestrate the assets of a bank and for the appointment of a receiver, where the plaintiff in his complaint did not ask to have stockholders made parties, was erroneous in so far as it directed the receiver to sue the stockholders upon their liability for the corporate debts, for the reason that the receiver could not maintain such actions.

It appears from this summary of the decisions of this court that unpaid stock subscriptions, property transferred by the corporation in fraud of its creditors, and capital fraudulently withdrawn are assets in the hands of the receiver as to creditors, though not as to the corporation except as to the first, and that he may recover them, because they were at one time assets of the corporation, and as to creditors they remain so; but that, as to the liability of stockholders for the corporate debts, it is not, and never was, a corporate asset, for it is due directly to creditors; and that the receiver cannot enforce it, in the absence of a statute authorizing him to do so. This conclusion is also supported by the authority of the text writers. Morse, Banks, § 696; Thompson, Stockh. § 342; Cook, Stock, Stockh. & Corp. Law, § 216; Morawetz, Priv. Corp. § 869.

The action of the receiver in this case in seeking to enforce the liability of the stockholders was gratuitous, and the stockholders were not bound to litigate the question of their liability with him. If it be desirable, in order to secure a speedy, economical, and practical method of enforcing the liability, to invest the receiver with such power, it must be done by statute. This has already been done in cases where the receiver of an insolvent banking corporation is appointed on the application of the superintendent of banks. Such a receiver is expressly authorized to enforce the individual liability of stockholders. Laws 1895, c. 145, § 20.

While the liability of the stockholders must be enforced on the application of creditors, and not on that of the receiver, except in cases where the statute otherwise provides, yet it does not follow that the trial court has not the same control of the litigation as if it was conducted by the receiver. The creditor who first takes action to have such liability enforced, whether he is plaintiff or subsequently comes into the action, has no exclusive right to control the litigation; and, whenever the stockholders are once brought into the action, the trial court should so far control the conduct of the litigation

as to conserve and protect the rights and equities of both creditors and stockholders. Whether it may not be feasible in this case to substitute the appellants' complaint for that of the receiver, and let the answers of the stockholders stand as answers to the substituted complaint, whereby a saving of time and expense may be made, is a question we are, for obvious reasons, not in a position to determine, and we leave the matter for the consideration of the trial court. If it shall be impracticable or illegal to make the substitution, then the district court will make its order, bringing in the stockholders to answer the cross bill or complaint of the appellants.

Orders reversed, and case remanded, with instructions to proceed in accordance with this opinion.