### J. A. HANSON v. SUVIAH T. DAVISON.

July 26, 1898.

Nos. 11,190—(253).

**Corporation—Liability of Stockholder Several—Judgment.**

The liability of stockholders in this state for the debts of the corporation is several, and a judgment against a part of them does not have the effect to release the others.

**Obligation of Stockholder Contractual—Allen v. Walsh Limited.**

*Held* (distinguishing and limiting Allen v. Walsh, 25 Minn. 543), that a stockholder of a corporation, by the act of becoming such, assumes the liability for the corporate debts imposed by law, and that the obligation thus raised is not penal or statutory in its character, but purely contractual, containing all the elements of a contract, and is to be enforced as such.

**Stockholder Omitted in Action under Chapter 76—Ancillary Action by Receiver—Judgment in Former Action Conclusive.**

*Held*, further, that if a stockholder's liability is not enforced in the original action, prosecuted under the provisions of chapter 76, G. S. 1878, because the court had no jurisdiction of him or his property, or for other cause, an ancillary action may, when necessary, be maintained against him alone by the receiver in the original action to enforce his liability. The judgment in the original action, so far as it determines the amount of the corporate debts after exhausting the corporate assets, is conclusive on such stockholder, unless impeached for fraud.

**Omitted Stockholder—Property May Be Sequestered in Action under Chapter 76.**

Where, however, the property of such stockholder is found within the jurisdiction of the court, either before or after judgment in the original action, a separate action against the stockholder to reach the property is neither necessary nor proper; for it can be attached or sequestered in the original action.

Action in the district court for Hennepin county to enforce the double liability of defendant as a stockholder in the Citizen's Bank. The cause was submitted to Elliott, J., on a stipulation of facts, and judgment was ordered in favor of defendant. From the judgment entered pursuant thereto, plaintiff appealed. Affirmed.

*W. S. Dwinnell*, for appellant.

The primary object of the statute in relation to the double liability of stockholders is the protection of the creditor. Such being the case, why, after there has been an adjudication in the main case as to what creditors are entitled to share in funds collected, cannot the proceedings in the nature of the case at bar be instituted for the benefit of those creditors, and the stockholder be compelled to pay his liability in full? The judgment in the main action to enforce the double liability of stockholders is binding against

a nonresident or omitted stockholder, and it is no defense to a supplementary action against an omitted or a nonresident stockholder to say that he has had no opportunity to contest the claims of creditors. See Hawkins v. Glenn, 131 U. S. 319; Sheafe v. Larimer, 79 Fed. 921; Kennedy v. Gibson, 8 Wall. 498.

*W. E. Hale* and *M. H. Boutelle,* by consent filed a brief.

The stockholders' liability is unqualifiedly contractual, and the doctrines announced in Allen v. Walsh, 25 Minn. 543, are opposed to modern authority. Carrol v. Green, 92 U. S. 509; 3 Thompson, Corp. § 3059; 1 Cook, Stockh. § 223.

The principles announced in the following cases are wholly inconsistent with the theory that G. S. 1894, c. 76, provides a peculiar and inflexible statutory remedy, to the provisions of which, in this regard, the term "exclusive" is in any wise applicable. They also demonstrate that the basic principle of procedure, in working out a remedy, are traced, not to the positive mandates of the statute, but the ordinary principles of equitable procedure. State v. Bank of New Eng., 55 Minn. 139; Harper v. Carroll, 66 Minn. 487; Olson v. Cook, 57 Minn. 552; Arthur v. Willius, 44 Minn. 409.

The remedy need not in all cases be worked out in one single action, but independent or ancillary proceedings may be maintained to reach the liability of stockholders not brought into the original action. The proceeding in the main action to enforce the stockholders' double liability becomes the original proceeding for the sequestration and administration of the fund. The office of the decree is not limited to a judgment against such of the stockholders as may be within the jurisdiction of the court, but to a final and authoritative determination of the necessity for and amount which shall be assessed against stockholders, thus presenting a basis for ancillary or auxiliary proceedings either at home or abroad, as against stockholders whose liability was not reduced to judgment in that action. This is the rule in proceedings to enforce payment of stock subscriptions. Hawkins v. Glenn, 131 U. S. 319; Tuttle v. National, 161 Ill. 497; McLaughlin v. O'Neill (Wyo.) 51 Pac. 243; Howarth v. Ellwanger, 86 Fed. 54; Sheafe v. Larimer, 79 Fed. 921.

*Bardwell, Beeman & Weeks,* for respondent.

Actions to enforce the statutory liability of shareholders in a corporation being a proceeding in equity, all shareholders must be made parties defendant. Allen v. Walsh, 25 Minn. 543; Johnson v. Fischer, 30 Minn. 173; Harris v. First, 23 Pick. 112; Minneapolis Ball Co. v. City Bank, 66 Minn. 441; Low v. Buchanan, 94 Ill. 76; Coleman v. White, 14 Wis. 762; Pollard v. Bailey, 20 Wall. 520; Crease v. Babcock, 10 Metc. (Mass.) 525. The obligation of shareholders being a joint obligation, standing on substantially the same footing as though they were copartners, a several judgment having been taken against some of the shareholders constitutes a bar to any further recovery against the other shareholders. Davison v. Harmon, 65 Minn. 402; Johnson v. Lough, 22 Minn. 203; Kingsley v. Davis, 104 Mass. 178; Crowley v. Patch, 120 Mass. 137; People v. Harrison, 82 Ill. 84; Lauer v. Bandow, 48 Wis. 638; Allen v. Sewall, 2 Wend. 327, 339.

START, C. J.

This is an appeal by the plaintiff from the judgment herein in favor of the defendant. There is no settled case or bill of exceptions, and the assignments of error are to the effect that the findings of fact by the trial court do not sustain the judgment.

The facts so found may be summarized as follows:

The Citizens' Bank (a banking corporation duly incorporated under the laws of this state) was insolvent on July 7, 1893, and on that day duly made an assignment in insolvency for the benefit of its creditors to Walter M. Carroll, as assignee, who accepted the trust, fully executed it, and was discharged as such assignee in February, 1896. All of the creditors of the bank proved their claims against its estate, and received 29 per cent. thereof from the assignee.

In April, 1894, James C. Harper, a creditor of the bank, on behalf of himself and all other creditors, duly instituted in the district court of Hennepin county, this state, an action against all of the resident stockholders thereof, pursuant to the provisions of G. S. 1878, c. 76 (G. S. 1894, c. 76), to enforce the liability of stockholders for the debts of the bank. An order was duly made and published

in that action requiring all of the creditors of the bank to intervene therein and exhibit their claims against the bank, within six months thereafter, or be forever barred from participating in the proceeds of such litigation. All of the creditors of the bank, pursuant to such order, so intervened, and proved their claims against the bank. After the expiration of the time so limited for proof of claims against the bank, and on February 15, 1897, judgment was duly rendered in the action against the bank, and all of its stockholders within the jurisdiction of the court, in favor of each of the creditors,—of whom the plaintiff in this action was one,—for the amount of their claims, respectively, as adjudged in that action. Reference is here made to the opinion in the case of Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069, for full particulars as to this judgment. Walter N. Carroll was appointed by the court receiver in the action for the purpose of collecting the respective judgments against the stockholders, and of applying the sums so collected to the payment of the judgments of the respective creditors, the aggregate amount of which was $181,254.60. Executions have been issued on each and all of the judgments, which have been returned; and there still remains unpaid on the judgments the sum of $41,254.60, exclusive of interest.

The defendant in this action was named as a defendant in the Harper v. Carroll action, but, being a nonresident, the court did not acquire jurisdiction to render judgment against her. She was, however, a stockholder of the bank at the time it became insolvent and made its assignment, and ever since has been, and now is, the owner of the capital stock thereof of the par value of $1,500, and now has property within this state to satisfy her liability to the creditors of the bank as a stockholder therein. The existence of such property within the jurisdiction of the court was discovered after the entry of the judgment in the Harper-Carroll case. Upon the discovery of such property the plaintiff herein obtained leave of court to bring this action against the defendant, to the end that her statutory liability might be collected, and paid to the receiver in the original action, and by him distributed to the judgment creditors of the bank. The defendant's property was attached. Thereupon she appeared in this action.

1. Counsel for the defendant urge in support of the decision of the trial court that the liability of stockholders in banking corporations is a joint obligation, and therefore the judgment in the Harper-Carroll action is a bar to the prosecution of this action. The provisions of our constitution and statute imposing the stockholders' liability for the corporate debts do not measure the extent of the liability by the debts, but by the amount of stock owned by each stockholder. Therefore the stockholders' liability is several, not joint, and a judgment against part of them does not have the effect of releasing the others. Harper v. Carroll, supra. Although the liability is several, the stockholders may, and upon equitable considerations ought to, be joined in one action to enforce their several liability.

2. It is further contended in support of the judgment that the liability of stockholders in this state does not arise out of a contract, other than as implied by the statute; that the right of creditors to enforce a liability for the corporate debts is created by statute, which has prescribed the exclusive remedy, which is a single action on behalf of all the creditors, and against all of the stockholders it is intended to charge with such liability, wherein all the rights and liabilities of creditors of the corporation and stockholders must be finally adjusted and determined; hence creditors have no remedy against a stockholder of whom the court acquired no jurisdiction in such action.

If this be true, then it follows that the creditors of an insolvent domestic corporation are limited, in the enforcement of their constitutional or statutory right to call upon all of the stockholders for payment of the debts of the corporation, to such only as the court of its domicile can acquire jurisdiction of, and, as a corollary of the proposition, that all nonresident stockholders who have enjoyed all the benefits and gains incident to membership in the corporation have absolute immunity from such liability, while their associates who happen to be within the jurisdiction of the court must respond to the last cent of their liability.

Inequitable as such a conclusion would be, still it must be admitted that there are expressions in the opinion in the case of Allen v. Walsh, 25 Minn. 543, relied upon by the defendant, which, if

taken literally, and without reference to the actual point decided by the court, justify the contention. A decision upon this claim of the defendant involves a consideration of the nature of the liability of stockholders for the debts of the corporation, the method of enforcing it, and just what was decided by the case of Allen v. Walsh. In that case, which was an action at law by a creditor, for his sole and exclusive benefit, against a single stockholder, to enforce his individual liability, it was correctly held that the action could not be maintained, and that the plaintiff's remedy was an equitable action, in behalf of himself and all other creditors, against the corporation and its stockholders, wherein the debts of the corporation must be determined, and, after exhausting the corporate assets, the liability of stockholders for the deficiency might be adjudicated and enforced pursuant to the provisions of G. S. 1878, c. 76 (G. S. 1894, c. 76). It was not, however, decided in that case that, if a stockholder was omitted from such original action because the court could not acquire jurisdiction of him, or for any other cause, the liability could not be subsequently enforced against him by bringing him or his property into the original action, if found within the jurisdiction of the court, or by proceeding against him alone in an action ancillary to the original action in any other jurisdiction where he might be found, if the comity of the sister state would permit it.

Neither is there anything in the nature of the stockholders' individual liability, or the method of enforcing it, to prevent the enforcement of the liability against a stockholder so omitted from the original action. The constitution or the statute imposes the liability on all corporations, except those organized for carrying on any kind of manufacturing or mechanical business; and it follows that every person who becomes a stockholder in a corporation organized under our laws contracts, with reference thereto, and with the creditors of the corporation, that he will be liable for its debts, to the limit fixed by our constitution and statutes. This liability, unlike the liability imposed by statute upon directors or officers of a corporation for its debts, because of their fraud or neglect in the management of the affairs of the corporation, is not penal in its nature,—to be regarded as purely a statutory liability.

It is voluntarily assumed by the act of becoming a stockholder, and the obligation thus raised is purely contractual, containing all of the elements of a contract, and it is to be enforced as such. First Nat. Bank v. Gustin M. C. M. Co., 42 Minn. 327, 44 N. W. 198; 2 Morawetz, Priv. Corp. § 872; 3 Thompson, Corp. § 3059; 1 Cook, Stockh. § 222.

The remedy for enforcing the liability must, in the first instance, from the nature of the liability, be an equitable action. G. S. 1878, c. 76 (G. S. 1894, c. 76), indicates and regulates to some extent the remedy, leaving to the court the duty of making the remedy effectual by an application of the principles of equitable procedure. This statute prescribes the exclusive remedy only to the extent that an equitable action of the character therein indicated must be first instituted for the enforcement of the liability of stockholders. Such an action, though provided by statute, is essentially an equitable proceeding; and the rules of equity are to be followed, unless inconsistent with the statute. If chapter 76 were repealed, equity would find an adequate remedy for the enforcement of the liability. See Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110; State v. Bank of New England, 55 Minn. 139, 56 N. W. 575; Harper v. Carroll, 66 Minn. 487, subdivision 19 of opinion (page 508).

There is nothing in the statute which justifies the conclusion that, if a stockholder's liability is not enforced in the original action because he is a nonresident, an ancillary action may not be brought against him alone after the amount for which stockholders are individually liable has been determined in the original action. The stockholder's liability is limited in amount, and is not to any particular creditor, but to all of the creditors, of the corporation. It can never be known in advance of an adjudication whether the debts in the aggregate are more or less than the aggregate liability of all the stockholders. The fund being limited, and the amount of the debt to the payment of which it is to be applied uncertain, no one creditor can maintain an action at law to enforce the liability for his exclusive benefit. Hence equitable considerations and the statute require that an action of the character prescribed by chapter 76 be brought by and on behalf of all the creditors, and against

the corporation and all of the stockholders of whom the court has jurisdiction, to determine the amount remaining due to such creditors, respectively, after the assets of the corporation have been exhausted; thereby providing a basis for determining the extent of the liability of the respective stockholders. National N. H. Bank v. Northwestern Guar. Loan Co., 61 Minn. 375, 392, 63 N. W. 1079.

The judgment in such original action, determining the amount of the corporate debts remaining unpaid, is binding on all of the stockholders, whether parties to the action or not, unless impeached for fraud. A judgment against the corporation is in effect a judgment against the stockholders in their corporate capacity. They are represented by the corporation in the action. In principle, there can be no difference in this respect between an action to enforce an unpaid subscription and one to enforce a stockholder's liability. Holland v. Duluth Iron M. & D. Co., 65 Minn. 324, 68 N. W. 50; 2 Morawetz, Priv. Corp. § 886; 1 Cook, Stockh. § 224; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739. The action required to be brought by chapter 76 is the original action for the sequestration and distribution of the fund to be derived from the stockholders' liability, and the decree entered therein is a final and conclusive determination of the amount (unless impeached for fraud) for which the stockholders are liable,—not exceeding the maximum limit of liability as fixed by law.

As the amount and par value of the stock issued and outstanding is a matter of record, and readily proven in any action, there is nothing to prevent the prosecution, after such decree is entered, of an ancillary action in another jurisdiction by the receiver appointed to collect and distribute its funds arising from the stockholders' liability in the original action, or by any other party or person who may be appointed by the court for that purpose, against any stockholder who was not made a party to the original action, to collect from him the amount of his liability on account of the debts of the corporation, for the benefit of all of the creditors.

The only objection, in justice, such stockholder could make to such a procedure, would be that his right of contribution could not be worked out in such ancillary action. If he were called on to pay

only his pro rata share of the deficiency, treating all of the stockholders as solvent, the objection would wholly fail; but it would seem that his right to contribution, in case he was required to pay more than his share as between himself and the other stockholders, is subordinate to the equities of the creditors, as he can secure such contribution by appearing in the original action.

Where, however, the property of such stockholder is found within the jurisdiction of the court, either before or after judgment in the original action, a separate suit against him to reach the property is neither necessary nor proper, for it can be attached or sequestered in the original action. Such is this case.

Judgment affirmed.

The following opinion was filed July 27, 1898:

CANTY, J.

I cannot concur in that part of the foregoing opinion which intimates that the liability of officers and directors of a corporation for its debts, because of their fraud or neglect, is a statutory penalty. We held directly to the contrary in National N. H. Bank v. Northwestern Guar. Loan Co., 61 Minn. 375, 63 N. W. 1079.

Neither can I concur in that part of the opinion which holds that a judgment in an action under chapter 76, G. S. 1878, determining the amount of the corporate debts, is conclusive on a stockholder who was not made a party to the action. A judgment taken against the corporation while it was a going concern is conclusive against the stockholders. Holland v. Duluth Iron M. & D. Co., 65 Minn. 324, 68 N. W. 50. But a judgment in an action commenced after the assets of the corporation have been sequestered in insolvency proceedings is of no effect as against the stockholders. Danforth v. National Chem. Co., 68 Minn. 308, 71 N. W. 274; Schrader v. Manufacturers Nat. Bank, 133 U. S. 67, 77, 10 Sup. Ct. 238. The stockholders' double or superadded liability is, in its nature, the liability of a surety or guarantor for the corporation; and, in my opinion, the judgment in an action under chapter 76, determining the amount of the corporate debts, is prima facie evidence against the stockholders. See Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065; Hursey v. Marty, 61 Minn. 430, 63 N. W. 1090. When

the corporation is a going concern, it represents all of its stockholders in defending actions brought against it, and that is the reason why the stockholders are bound by a judgment taken against it at such a time. But, after the corporation goes into liquidation, it ceases to represent its stockholders,—at least, as to their superadded liability.

The majority admit this by admitting that all of the stockholders within the jurisdiction are necessary parties to an action to enforce that liability. It is the first time I have ever heard the doctrine laid down by a court that you may neglect to bring in a necessary party to the action, and yet bind him as conclusively by the result as if he had been brought in. , It seems to me that this is a most extraordinary doctrine.

Neither can I concur in that part of the opinion which holds that there is no difference between a suit against a stockholder for an unpaid subscription, and a suit against him on his superadded liability, so far as the conclusiveness of the judgment obtained against the corporation is concerned. In a creditors' bill to reach an unpaid subscription, the creditors' judgment against the corporation is conclusive. As was said in National N. H. Bank v. Northwestern Guar. Loan Co., supra, such a suit is a mere garnishment proceeding. Of course, the garnishee cannot dispute the judgment against the principal debtor, if the court had jurisdiction.

The case of Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, cited by the majority, is merely a case of an assessment on unpaid subscriptions; and the proceeding is upheld on the ground that the debts due the corporation on these subscriptions were corporate assets, and the court had all the power of the corporation itself to make an ex parte assessment on such subscriptions. Such, also, are the cases of Marson v. Deither, 49 Minn. 423, 52 N. W. 38, and In re Minnehaha D. P. Assn., 53 Minn. 423, 55 N. W. 598; and these assessments were made in proceedings in which the stockholder's superadded liability could not be enforced at all.

From these suggestions, it will be readily seen that it does not follow at all that, because the judgment against the corporation is conclusive in an action to collect an unpaid subscription, it is conclusive in an action on the stockholder's superadded liability.

Neither can I concur in that part of the opinion which assumes to hold that an ancillary action may be maintained in another jurisdiction by the receiver appointed in the original action in this state. This court has several times held that a receiver appointed under chapter 76 has no authority to enforce the stockholders' superadded liability. See Minneapolis Ball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331; Palmer v. Bank, 65 Minn. 90, 67 N. W. 893. I am unable to see how this court can lay down a rule or edict to govern proceedings in courts of other states, contrary to the rule it lays down to govern proceedings in the courts of this state.

As stated in the nineteenth paragraph of the opinion in Harper v. Carroll, 66 Minn. 487, 508, 69 N. W. 610, 1069, the liability of the stockholders is not joint, but several. But, for the reasons there stated, the amount of that liability cannot well be determined except in an action in a court of equity, in which all of the creditors and all of the stockholders are parties. In Davison v. Harmon, 65 Minn. 402, 67 N. W. 1015, we held that a judgment against one joint obligor alone is a bar to an action against the other. But in Harper v. Carroll we held that this rule does not apply where a judgment has been entered against a part of the stockholders on their superadded liability, and that a supplemental judgment in the same action may be entered against the others. I am of the opinion that this supplemental judgment may be entered on a trial had on supplemental pleadings after the entry of the first judgment. The liability being several, and the reasons for requiring all of the stockholders and all of the creditors to be brought into the same action being equitable in their nature, the flexible rules of equity must be applied to a case where some of the stockholders were not brought into the original action, and their liability determined, before the entry of judgment.

As before stated, the liability of the stockholders being in the nature of that of guarantors or sureties, the judgment against the corporation, the principal debtor, adjudging the amount of the corporate indebtedness, is prima facie evidence against the sureties. We have seen that this rule does not apply to a judgment obtained in an action commenced by an individual creditor, for himself alone, after the corporation went into liquidation. But it does not

follow that the rule should not apply to a judgment obtained in the liquidation proceedings themselves, or to one obtained in an action by or on behalf of all the creditors to enforce the stockholders' liability. The rule is one of convenience, and, if it should apply to the ordinary action against sureties after judgment has been obtained against the principal, it should apply with double force to a supplemental action or proceeding to enforce the liability of one or more stockholders who were not brought into the original action to enforce the stockholders' liability. To hold that the creditors should, in the first instance, proceed to try over again the whole case of Harper v. Carroll, in a subsequent proceeding against this one stockholder, would be intolerable. The fund to be derived from the stockholders' liability should not be wasted, and the amount to be recovered on that liability should not be increased, by the expense of any such protracted and extraordinary litigation.

Then I am of the opinion that, so far as the judgment in the original action adjudicated the amount of the corporate indebtedness, it is prima facie evidence against the stockholders who were not brought into that action. I am also of the opinion that the same rule of convenience requires it to be held that so far as said judgment adjudicates the liability of the other sureties, to wit, the other stockholders then before this court, it is prima facie evidence against the stockholders not then before the court, so that the whole judgment is prima facie evidence against the latter stockholders. I agree that, where a stockholder not brought into the original action is found in the original jurisdiction, the remedy against him is by supplemental bill in the original action. Of course, if he is found in some other jurisdiction the remedy would be by an ancillary action. I am also of the opinion that any creditor may, in behalf of himself and all other creditors, institute such supplemental proceeding.