## ANDREW PREISS v. FRANK ZINS.[1]

### July 18, 1913.

### Nos. 18,037—(155).

**Withdrawal of stock — intent.**

1. Intent of the parties is not a constituent element of a creditor's cause of action under R. L. 1905, § 3069, rendering corporate stockholders liable to creditors to the extent of withdrawals and refundments of amounts paid for stock.

**Complaint sufficient against demurrer.**

2. Rule that on demurrer all facts will be deemed to be alleged which can reasonably be inferred from the allegations expressly made, applied, and complaint *held* sufficiently to allege that plaintiff, the corporation's trustee in bankruptcy, was the representative of creditors who were such at the time of the refundment complained of.

[1] Reported in 142 N. W. 822.

Note—As to withdrawal of subscription to corporate stock, see note in 33 L.R.A. 593.

Action in the district court for Stearns county by the trustee in bankruptcy of the Preiss & Wimmer Brewing Co. to recover $7,-409.06. From an order overruling defendant's demurrer to the complaint, he appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*James R. Bennett, Jr.,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendant from an order overruling a general demurrer to the complaint in an action by a trustee in bankruptcy of an insolvent corporation, the Preiss & Wimmer Brewing Co., to recover from defendant, a former stockholder thereof, the amount of capital stock withdrawn and refunded.

The complaint alleges the incorporation of the brewing company under the laws of this state as a manufacturing corporation in 1900, the purchase by and the delivery to defendant, in the same year, of 100 shares of its capital stock at $100 each, for $10,000 paid therefor, the surrender to the stockholders and withdrawal and cancelation of the stock on May 3, 1910, in consideration of the agreement of the corporation for refundment to defendant of $10,000, the payment to him, pursuant to the contract and between the date last mentioned and December 3, 1911, in monthly instalments, of the total sum of $7,409.06. The pleading then proceeds as follows: "That at the time of the withdrawal and refunding of all of the stock of this defendant, as above set forth, there existed debts and liabilities of said corporation unsecured and past due exceeding in amount the sum of ten thousand dollars. That thereafter and continuously between the 3rd day of May, 1910, and the 3rd day of December, 1911, there existed debts and liabilities of said corporation past due exceeding in amount the sum of twenty-five thousand ($25,000) dollars, and that said corporation during all of said time did not and was unable to pay its debts as the same matured. That at about the time of the withdrawal and refunding of said stock of defendant in the months of April and May, 1910, the said corporation did not and could not pay its debts as they matured, which fact was well known to this defendant. That said corporation coninued to fail to pay

its maturing liabilities from the last day of April, 1910, and prior thereto and continually thereafter until the 10th day of January, 1912." The usual formal allegations of the corporation being adjudged a bankrupt, plaintiff's appointment and qualification as trustee, authorization to prosecute this action, demand, insufficiency of assets to pay bills, etc., follow.

1. The complaint might well be and probably is predicated upon the provisions of R. L. 1905, § 3069, providing:

"If the capital stock of a manufacturing corporation is withdrawn and refunded to the stockholders before the payment of corporate debts for which it would have been liable, the stockholders shall be liable to any creditor, to the amount of the sum so refunded to each of them, respectively."

Defendant contends, however, that stock surrenders are not void as to creditors, nor as between the parties, but may be held to be in fraud of the former, provided it appear that the surrender was with the purpose and intent of cheating and defrauding them, actions for this purpose being analogous to suits to set aside conveyances by debtors in fraud of creditors, and argues that "the gist of the whole matter is the intent of the parties," and hence that the complaint is demurrable for failure to allege that the withdrawal and refundment was with the design on defendant's part of defrauding creditors. Support for these propositions is claimed to be found in Hospes v. Northwestern Mnfg. & Car Co. 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637. But neither the contention nor the claim can be sustained. The purpose of the statute is to protect creditors, and this is worked out by penalizing diversions of corporate assets from them to the stockholders. Intent of the parties is not made a constituent part of the prohibition. There is nothing in the Hospes case which conflicts with this view. Indeed, in the syllabus thereof, it is stated in substance that the capital of a corporation is held in trust for creditors, in the sense that there can be no distribution of it among the stockholders without provision first being made for the payment of corporate debts. See also Minnesota Thresher Mnfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310, and Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, 38 L.R.A. 415.

2. But it is insisted that the complaint does not bring the case within the purview of the statute, in that it fails to state that plaintiff is the representative of creditors who were such at the time of the surrender of the stock in 1910. This contention is founded upon the words of the statute, "for which it would have been liable." It should be noted, that the statute does not predicate the stockholder's liability upon the making of the agreement for refundment, but upon actual refundment, and authorizes a recovery of the "sum so refunded." With this in mind, it may be conceded if the complaint fails to state facts from which it may fairly be inferred that claims of creditors of the corporation remained unpaid from the time of the refundment to the bankruptcy, the point is well taken. The rule of construction of pleadings on demurrer has been recently restated in Stevens v. Tilden, supra, page 250, 142 N. W. 315. If the necessary allegations may be gathered from all the averments, although deficient in logical order and technical language, the pleading will be held to state all the facts essential to its sufficiency, that is, all facts will be deemed to be alleged which can reasonably be inferred from the allegations expressly made. So tested, we hold the quoted portions of the complaint sufficiently allege the existence of unpaid claims of creditors from the date of the first payment to defendant by the corporation for his stock.

Order affirmed.